Argued and submitted April 18, 1988, motion to dismiss denied; reversed and remanded January 18, 1989

BARKER et al,
*Appellants,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(A8705-03370; CA A45925)

767 P2d 460

Peter Ravella, Portland, argued the cause for appellants. On the brief were Will Aitchison and Aitchison & Moore, Portland.

Nancy E. Ayres, Office of the City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

RIGGS, J.

**RIGGS, J.**

Plaintiffs appeal from a judgment entered by the circuit court after it granted defendant's motion to dismiss. The dismissal was based on the trial court's findings (1) that plaintiffs lack standing to sue, (2) that they have failed to state ultimate facts sufficient to constitute a claim, (3) that the district court, rather than the circuit court, has exclusive jurisdiction over plaintiffs' claim for relief and (4) that a portion of plaintiffs' complaint is a sham. Defendant moved in this court to dismiss the appeal as moot. We deny the motion to dismiss the appeal, and we reverse and remand the judgment.

Plaintiffs, a monthly newspaper and its editor, allege that defendant violated the Public Meetings Law, ORS 192.610 to ORS 192.710, in the procedures by which it investigated and documented allegations of police misconduct. The Portland City Code, at § 3.21.020(3), charges the Police Internal Investigations Auditing Committee (PIIAC) with determining administrative appeals from the Police Bureau's Internal Investigations Division (IID) about allegations of police misconduct. The PIIAC regulations complained of are contained in the section entitled "PIIAC Appeal Guidelines." During all relevant times, and until April, 1988, those regulations provided that a case would be automatically referred back to the Police Bureau for further investigation if:

"A.   Tapes of officer and/or witness statements are not available for the PIIAC to review.

"B.   Not all officers and/or witnesses were interviewed in the course of the investigation.

"C.   Not all allegations were investigated.

"D.   Not all evidence was considered in the investigation, e.g. medical reports, photographs, etc.

"E.   Other situations or conditions that may arise.

"An automatic referral back to the IID may occur at the conclusion of the review or after the Subcommittee has convened to hear the appeal. The PIIAC Chairperson or the PIIAC Assistant shall be responsible for notifying the citizens and IID of the Subcommittee's decision in cases on appeal that are automatically being referred back to the bureau for further investigation."

Plaintiffs claim that the automatic referral process

results in a violation of the Public Meetings Law, because an automatic referral may be effected by the Chairperson of or the Assistant to the PIIAC "Citizens' Committee" acting alone and without the necessity of an open PIIAC meeting. Because of the dismissal, the merits of that claim are not before us.

■ In April, 1988, while the case was pending in this court, PIIAC adopted new appeal guidelines, making several significant changes in the guidelines in effect before. Defendant urges that the changes render this appeal moot. We disagree. Eight cases referred to by plaintiffs in their pleadings were subject to the automatic referral guidelines in effect before April, 1988. Seven of those have apparently been closed, and the remaining one remains open after further investigation by the Portland Police Bureau's IID. Plaintiffs seek a ruling that the referrals were in violation of the Public Meetings Law and an order requiring defendant to comply with ORS 192.630 with respect to the remaining open case and future application of referral guidelines. Such relief, if found appropriate, is contemplated by ORS 192.680(1): "The court may order such equitable relief as it deems appropriate in the circumstances. A decision shall not be voided if other equitable relief is available." Cessation of improper meeting practices does not render an action under the Public Meetings Law moot, because any illegal action that may have been taken before PIIAC adoption of the new guidelines is not legalized thereby but remains in violation of the law. The extent of the violation and the devising of a remedy remain for determination on remand to the circuit court.

■ We turn next to the issues raised by the appeal itself. Defendant successfully urged below that plaintiffs lack standing, because neither plaintiff sufficiently alleged reasons why either was "affected" by any action taken by the PIIAC. Plaintiffs, as representatives of the press and as legal entities, have alleged that they are "affected by" a violation of the Public Meetings Law. Enforcement rests with those who have been "affected by a decision of a governing body" in violation of the law. ORS 192.680(1). The purpose of the law is to ensure that decisions of public agencies take place in public. Plaintiffs' entitlement to access to information about PIIAC's activities is unlawfully limited if the Public Meetings Law is

violated. A more complete description of the nature of plaintiffs' role or characteristics would hardly improve the specificity of allegation needed to aid the court in its decision-making process. We hold that plaintiffs have standing and that their allegations are sufficiently specific.

■ The trial court was also persuaded that the district court has exclusive jurisdiction under ORS 46.045(1), which grants jurisdiction to the district court to hear alleged violations of city charters and ordinances.[1] ORS 46.060 provides that certain enumerated areas of district court jurisdiction are "exclusive," but charter and ordinance violations are not among them. The Public Meetings Law specifically provides for an action in the circuit court for the county in which the governing body ordinarily meets for the purpose of requiring compliance. ORS 192.680. Circuit court was the appropriate forum in this case.

Regarding the fourth basis for dismissal, nothing in the allegations in paragraph VIII of the complaint indicates, on the face of the pleading, that they are either false or pleaded in bad faith. The trial court erred in ruling that the pleading is a sham.

Motion to dismiss denied; reversed and remanded.

---

[1] ORS 46.045(1) provides:

"The district court for a county within the boundaries of which there is situated the largest part of a city having a population of more than 300,000 shall have all judicial jurisdiction, authority, powers, functions and duties of the municipal court of each such city and the judges thereof with respect to all violations of the charter and ordinances of each such city."