Argued and submitted March 27, reversed and remanded June 24, 1992

STUDENTS FOR THE ETHICAL
TREATMENT OF ANIMALS ("SETA"),
People for the Ethical Treatment
of Animals ("PETA") and Monica Semeria,
*Appellants,*

*v.*

INSTITUTIONAL ANIMAL CARE
AND USE COMMITTEE OF THE
UNIVERSITY OF OREGON ("IACUC")
and the University of Oregon,
*Respondents.*

(16-900-4081; CA A70128)

833 P2d 337

Allen L. Johnson, Eugene, argued the cause for appellants. With him on the briefs were Mary C. Scurlock and Johnson & Kloos, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs seek a declaration that defendants violated the Public Meetings Law. ORS 192.610 *et seq*. The trial court held that plaintiffs do not have standing under ORS 192.680(2) to bring the action and entered a summary judgment in favor of defendants. We reverse.

Plaintiff Students for the Ethical Treatment of Animals (SETA) is a University of Oregon student organization whose primary goal is to educate the public about animal exploitation. Plaintiff People for the Ethical Treatment of Animals (PETA) is a national non-profit animal protection organization that is affiliated with SETA both philosophically and through the sharing of information and resources. Plaintiff Semeria is a member of SETA and a student at the University of Oregon. Defendant Institutional Animal Care and Use Committee (IACUC) is a University of Oregon committee charged with ensuring that all animal research conducted at the university meets applicable state, federal and university standards.

■ ■ Plaintiffs' allegations concerned actions taken by IACUC in regard to a university professor's research proposal for cranial surgery to be performed on Macaque monkeys. Plaintiffs attended all public portions of the IACUC meeting that granted approval to the proposal. They alleged that, in violation of the Public Meetings Law, the IACUC also acted in executive session and in previous subcommittee meetings in regard to the proposal.

ORS 192.680(2) provides:

> "Any person affected by a decision of a governing body of a public body may commence a suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing body."

Standing to seek judicial review is defined in that statute and our inquiry is to determine legislative intent. A reviewing court's inquiry into standing is confined to determining that

intent. *People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 99, 817 P2d 1299 (1991).

ORS 192.680(2) was enacted in 1973 as part of the Public Meetings Law. The parties have not cited, and we have not found, any legislative history specifically directed to the language, "[a]ny person affected by a decision."[1] That language precludes just anyone from bringing an action under the act. *Harris v. Nordquist*, 96 Or App 19, 22, 771 P2d 637 (1989). However, the purpose of the law is to require that the public be informed of deliberations and decisions of governing bodies and of the information on which the decisions are based. ORS 192.620; *Harris v. Nordquist, supra*, 96 Or App at 22.

Defendants argue that plaintiffs must show a "palpable" impact by a governmental decision and that plaintiffs here have shown only an "enthusiastic" and "political" interest. We have held that standing under ORS 192.680(2) does not require a plaintiff actually to have been affected by a decision, because the entitlement given by the law is access to the process by which government reaches its decisions. *Harris v. Nordquist, supra*, 96 Or App at 23. It is often precisely because a person's interest is "enthusiastic" and "political" that access is most important.

We have narrowly construed the limitation on standing under ORS 192.680(2). In *Barker v. City of Portland*, 94 Or App 762, 767 P2d 460 (1989), the plaintiffs were a monthly newspaper and its editor. They alleged that a police internal investigating committee violated the Public Meetings Law by its procedure for investigating police misconduct. The committee rules provided for an automatic referral to the police for further investigation without the necessity of an open meeting. The trial court agreed with the defendants that the plaintiffs were not "affected" by an action of the committee under ORS 192.680(2). We reversed on the basis of the policy that decisions of public agencies take place in public. 94 Or

---

[1] The orginial draft of the bill gave standing to "any person," which was first amended to "any interested person." Recording, Joint Special Committee on Professional Responsibility, April 2, 1973, Tape 5. Attorney General Johnson testified that enforcement of the act would "come from the actions of the citizens." Minutes, Joint Special Committee on Professional Responsibility, March 12, 1973.

App at 765. Defendants here urge that *Barker* is distinguishable, because the plaintiffs there were "the press." However, our determination that the plaintiffs had standing was based, not on their status as part of the press, but on the principle underlying the law.

ORS 192.680(2) requires a showing that denial of access to governmental action would have an impact on a plaintiff's interest. Here, each plaintiff has a goal to educate the public about animal exploitation. IACUC takes actions concerning the treatment of research animals. Those decisions, and the information on which those decisions are made, have a potential impact on each plaintiff's ability to perform the educational role. Plaintiffs have alleged an interest and a denial of access related to that interest. They have standing to challenge that denial.

Reversed and remanded.