OREGONIAN PUBLISHING COMPANY et al,
*Respondents,*

*v.*

OREGON STATE BOARD OF PAROLE et al,
*Appellants.*

(87-C-10185; CA A44436)

769 P2d 795

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Charles F. Hinkle, Portland, argued the cause for

respondents. With him on the brief was Stoel, Rives, Boley, Jones & Grey, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

NEWMAN, J.

## NEWMAN, J.

Defendant Board of Parole[1] appeals a judgment under the Open Meetings Act, ORS 192.610 to ORS 192.690, that ordered it to open "information-gathering" portions of its meetings to the public. Plaintiffs are the publisher of *The Oregonian,* a daily newspaper of general circulation in Oregon, and one of its reporters, both of whom we refer to as *The Oregonian.* We affirm.

There is no dispute about the material facts. The Board scheduled two meetings to hear separately the parole applications of two inmates. It denied *The Oregonian's* request to attend the first meeting, and *The Oregonian* filed this action for injunctive and declaratory relief. The court issued a preliminary injunction that barred defendant from excluding *The Oregonian* from meetings during the pendency of the action. Plaintiff Ota then attended the information gathering portions of the meetings, during which defendant received evidence from the inmates, relatives of the victims and others.[2] He did not attend or seek to attend the portions of the meetings during which defendant conducted deliberations.

The parties filed cross-motions for summary judgment. The court granted *The Oregonian*'s motion and denied defendant's. The judgment provides, in part:

"1.   The court finds, concludes, and declares that the

---

[1] The Board of Parole is referred to as "defendant," which includes its members in their official capacities.

[2] ORS 144.120(7) provides:

"The Parole Board must attempt to notify the victim, if the victim requests to be notified and furnishes the Board a current address, and the district attorney of the committing county at least thirty (30) days before all hearings by sending written notice to the current addresses of both. The victim, personally or by counsel, and the district attorney from the committing jurisdiction shall have the right to appear at any hearing or, in their discretion, to submit a written statement adequately and reasonably expressing any views concerning the crime and the person responsible. The victim and the district attorney shall be given access to the information that the board or division will rely upon and shall be given adequate time to rebut the information. Both the victim and the district attorney may present information or evidence at any hearing, subject to such reasonable rules as may be imposed by the officers conducting the hearing. For the purpose of this section, victim includes the actual victim, a representative selected by the victim or the victim's next of kin."

It was enacted by Or Laws 1987, ch 2, § 14(7), approved by the voters in November, 1986.

Oregon State Board of Parole is subject to the Public Meetings Act, ORS 192.610 to 192.690; that hearings before the Board are subject to that Act; and that the exemption from the Act in ORS 192.690 for the Board's 'deliberations' does not apply to the information-gathering phase of Board hearings, but only to the Board's decision-making function that takes place after the Board has heard statements or received other evidence from the inmate or parolee, government officials, and other persons.

"2.   Defendants are permanently enjoined from conducting their meetings except in compliance with the Public Meetings Act."

ORS 192.630 provides, in part:

"(1)   All meetings of the governing body of a public body shall be open to the public and all persons shall be permitted to attend any meeting except as otherwise provided by ORS 192.610 to 192.690.

"(2)   No quorum of a governing body shall meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as otherwise provided by ORS 192.610 to 192.690."

ORS 192.690 provides, in part:

"(1)   ORS 192.610 to 192.690 shall not apply to the *deliberations* of the State Board of Parole, the State Banking Board, the Psychiatric Security Review Board, of state agencies conducting hearings on contested cases in accordance with the provisions of ORS 183.310 to 183.550, the review by the Workers' Compensation Board of similar hearings on contested cases, *meetings* of the state lawyers assistance committees, the local lawyers assistance committees in accordance with the provisions of ORS 9.545 and the peer review committees in accordance with the provisions of ORS 441.055 or to any judicial proceedings." (Emphasis supplied.)

Defendant assigns as errors that the court granted *The Oregonian*'s motion and denied its motion, held that ORS 192.690 does not exempt the information gathering portion of its meetings and permanently enjoined it from conducting meetings not in compliance with the act. Contrary to the arguments of *The Oregonian,* defendant argues that the information gathering portion of its meeting is part of its deliberations and is, therefore, exempt from the open meeting requirements. It also argues that, if we construe ORS 192.690

not to exempt portions of defendant's meetings at which it gathers information, we will, at the same time, constrict the coverage of the act.

■        ORS 192.690 exempts *deliberations* of the Board of Parole, the Psychiatric Security Review Board and state agencies conducting contested case hearings, but exempts *meetings* of the state and local lawyers assistance committees. Although the act does not define "deliberations," it does define "meeting." It is clear that they are not the same thing. A "meeting"

"means the convening of a governing body of a public body for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter. 'Meeting' does not include any onsite inspection of any project or program. 'Meeting' also does not include the attendance of members of a governing body at any national, regional or state association to which the public body or the members belong."[3] ORS 192.610(5).

A "meeting" is "the convening" of the public body's "governing body."[4] At a meeting, the governing body may or may not "deliberate" within the meaning of ORS 192.690—that is, weigh evidence for or against choices and make a decision. At a meeting, it can engage in other conduct: for example, it can gather information on which to deliberate.

ORS 192.620, which declares the legislative policy underlying the act, recognizes the distinction between, on the one hand, deliberations and decisions and, on the other hand, the information upon which decisions are made. It declares:

"The Oregon form of government requires an informed

---

[3] The Board of Parole is the "governing body" of a "public body." ORS 192.610(3) provides:

" 'Governing body' means the members of any public body which consists of two or more members, with the authority to make decisions for or recommendations to a public body on policy or administration."

ORS 192.610(4) provides:

" 'Public body' means the state, any regional council, county, city or district, or any municipal or public corporation, or any board, department, commission, council, bureau, committee or subcommittee or advisory group or any other agency thereof."

[4] ORS 192.610(1) defines "decision" as

"any determination, action, vote or final disposition upon a motion, proposal, resolution, order, ordinance or measure on which a vote of a governing body is required, at any meeting at which a quorum is present."

public aware of the deliberations and decisions of governing bodies and the information upon which such decisions were made. It is the intent of ORS 192.610 to 192.690 that decisions of governing bodies be arrived at openly."

■ Consistently with that policy, we analyze the coverage of the act broadly and its exemptions narrowly. *See City of Portland v. Rice,* 94 Or App 292, 295, 765 P2d 228 (1988). Although ORS 192.690 exempts defendant's "deliberations" at a meeting, we hold that it does not exempt the portions of a meeting when defendant is gathering information upon which it will deliberate and decide, regardless of where defendant holds the meeting or whether the inmate, defendant or others wish to exclude the public.

■ Nothing in this decision limits the coverage of the act. The definition of "meeting" in ORS 192.610(5) does not determine how the act applies to a meeting or to what takes place at a meeting. The words "for which a quorum is required in order to make a decision or to deliberate toward a decision" do not mean that the governing body conducts a meeting only if it makes a decision or deliberates toward one. The quoted words simply modify or characterize the kind of quorum that is required to make a "convening" a "meeting."[5] A "convening" of a governing body "for which a quorum is required in order to make it a decision or deliberate toward a decision" is nonetheless a meeting even though the governing body might also gather information at the same time.

Defendant relies on ORS 161.387(2), enacted after passage of the act, which provides that "the evidentiary phase of [Psychiatric Security Review Board] hearings are not deliberations for the purposes of ORS 192.690." That is a legislative clarification of the application of ORS 192.690 to PSRB

---

[5] The quoted words do *not* describe a purpose of "the convening" that qualifies it to be a "meeting." Although it might have done so, the legislature did *not* define "meeting" as a convening of a governing body of a public body for the purpose of making or deliberating toward a decision. In comparison, ORS 192.630 prohibits a quorum of a governing body from meeting in private "for the purpose of deciding on or deliberating toward a decision." *Compare also* ORS 192.630(4), in which the words "deliberations toward a decision" describe what is not permitted at training sessions of a governing body held outside the geographic boundaries of a public body's jurisdiction.

and is consistent with this decision.[6] *See Kaiser Cement v. Tax Com.,* 250 Or 374, 378, 443 P2d 233 (1968); *see also Layman v. State Unemp. Comp. Com.,* 167 Or 379, 400, 117 P2d 974, (1941).[7]

Affirmed.

---

[6] The staff measure analyses of legal counsel to the House Judiciary Committee and to the Senate Justice Committee describe the bills, which subsequently became ORS 161.387(2), as a clarification of the Open Meetings Act as it applies to PSRB. *Staff Measure Analysis* of SB 167, Senate Justice Committee, July 9, 1981; *Staff Measure Analysis* of SB 167A-Engrossed, House Judiciary Committee, July 21, 22, 1981. *See also Sunset Review of the Psychiatric Security Review Board,* Governor's Task Force on Mental Health, pp. 49-50, dated December, 1980, submitted to the House Judiciary Committee on March 2, 1981.

[7] Defendant also relies on ORS 192.695:

"In any suit commenced under ORS 192.680(1), the plaintiff shall be required to present prima facie evidence of a violation of ORS 192.610 to 192.690 before the governing body shall be required to prove that its acts in deliberating toward a decision complied with the law. When a plaintiff presents prima facie evidence of a violation of the open meetings law, the burden to prove that the provisions of ORS 192.610 to 192.690 were complied with shall be on the governing body."

That section addresses what a plaintiff must prove to establish a *prima facie* case under the act and the allocation of the burden of proof. It does not clarify the terms "meeting," "deliberations" or "information" and does not bear on the construction of ORS 192.690. Moreover, it does not describe what a governing body must prove to establish "that the provisions of ORS 192.610 to 192.690 were complied with." The precise phrase "its acts in deliberating toward a decision" is not used elsewhere in the act.