Fred W. Johnson Labette County Counselor 425 Commercial Oswego, Kansas 67356
Dear Mr. Johnson:
As Labette County Counselor, you request our opinion regarding the application of the Kansas Open Meetings Act (KOMA), K.S.A. 75-4317 et seq., to the Waiver Board of the Labette Correctional Conservation Camp (Waiver Board and Conservation Camp). Specifically, you ask if the Waiver Board performs a quasi-judicial function within the meaning of the KOMA when deliberating over an admission request received by an inmate who may otherwise exceed eligibility criteria. Your inquiry concerns the exemption in the KOMA providing "any administrative body that is authorized by law to exercise quasi-judicial functions shall not be required to have open meetings when such body is deliberating matters relating to a decision involving such quasi-judicial functions." K.S.A. 75-4318(a).
The Conservation Camp is a "boot camp" type facility. It was established by K.S.A. 1996 Supp. 75-52,134, which grants authority for the Labette County Board of Commissioners to enter an agreement with the Department of Corrections (DOC) to establish the camp. Criteria for assignment to the camp were initially set forth in a Referral Admission and Discharge Criteria, an attachment to the contract between Labette County and the Department of Corrections. Concerning waivers for inmates who do not meet the criteria, the attachment provides:
 "The sentencing court may request admission to the program by special waiver for those individuals refused admission. Such requests shall be considered by the LCCC Administrative Board and the Waiver Committee."
The attachment does not set forth any standards for considering waivers.
Pursuant to K.S.A. 75-5292 and K.A.R. 44-11-111 et.seq, the Labette County Commissioners have developed a "comprehensive plan." The plan allows for admission to the camp of persons who do not meet the criteria, but who would "benefit from the program." No other standards for considering waivers are set forth.
The KOMA applies to "all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof. . . ." K.S.A.75-4318(a). A public body that meets the tests set forth in K.S.A. 75-4318(a) must conduct its meetings (as defined by K.S.A. 75-4317(a)) in accordance with the KOMA. As indicated in your letter, "the Waiver Board consists of three members of the seven member Board of Trustees of the Camp which have been appointed by the [Labette County] Board of County Commissioners, or have been selected by the Administrative Judge of the Eleventh Judicial District, or by reason of holding an elective office all as set out by Labette County Resolution [No. 010897]." The Labette County Board of County Commissioners is a public body subject to the requirements of the KOMA. See State ex rel. v.Palmgren, 231 Kan. 524, 535-36 (1982). Based upon the structure described in your letter, it is clear that the Waiver Board is a subcommittee or a subordinate group of the Labette County Board of County Commissioners and is also subject to the KOMA.
Unless otherwise provided, the meetings of the Waiver Board "shall be open to the public" as required by K.S.A. 75-7318(a). The KOMA is entitled to a liberal construction to effectuate its purpose of allowing the public access to the conduct of government business. The Kansas Supreme Court has held that "the KOMA is remedial in nature and therefore subject to broad construction in order to carry out the stated legislative intent." Palmgren,231 Kan. at 531. This office has repeatedly followed this rule of construction when addressing the "quasi-judicial" exception to the KOMA. See Attorney General Opinions No. 97-40, 91-31, 83-32, 82-226, 79-225.
Only two issues are addressed here: 1) whether the Waiver Board is exercising a quasi-judicial function when considering applications for special waiver; and 2) whether the Waiver Board is deliberating matters which relate to such quasi-judicial function when considering the applications for special waiver and, thus, are not required to be in open meeting.
The Supreme Court of Kansas has described a quasi-judicial proceeding as one that:
 "[R]equires a weighing of the evidence, a balancing of the equities, an application of rules, regulations and ordinances to facts, and a resolution of specific issues." Golden v. City of Overland Park, 224 Kan. 591, 597 (1978).
In Gawith v. Gage's Plumbing Heating Co., 206 Kan. 169, Syl. ¶¶ 1, 2, 3, 4 (1970), the Court discussed the difference between a legislative function and a judicial function:
 "There is a distinction between the types of decisions rendered by different administrative agencies; and some such agencies perform judicial or quasi-judicial functions while others do not.
 "In determining whether an administrative agency performs legislative or judicial functions, the courts rely on certain tests; one being whether the court could have been charged in the first instance with the responsibility of making the decisions the administrative body must make, and another being whether the function the administrative agency performs is one that courts historically have been accustomed to perform and had performed prior to the creation of the administrative body.
 "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist, whereas legislation looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.
 "In applying tests to distinguish legislative from judicial powers, courts have recognized that it is the nature of the act performed, rather than the name of the officer or agency which performs it, that determines its character as judicial or otherwise."
In Thompson v. Amis, 208 Kan. 658, 663 (1922), Chief Justice Fatzer added the following:
 "It may be added that quasi-judicial is a term applied to administrative boards or officers empowered to investigate the facts, weigh evidence, draw conclusions as a basis for official actions, and exercise discretion of a judicial nature."
The Waiver Board performs a quasi-judicial function when it considers whether to admit an inmate who does not meet the standard admission criteria. It must hear evidence on the suitability of an inmate who does not meet the Correction Camp's regular admission criteria, weigh that evidence, and then reach a determination whether the individual would benefit from admission to the program.
Because our determination is that the Waiver Board is performing a quasi-judicial function when it considers whether to admit an inmate who does not meet the standard admission criteria, the Waiver Board may conduct deliberations of this issue outside of an open meeting. Onlydeliberations by a board or panel exercising a quasi-judicial function may be done outside an open meeting. Black's defines deliberation as:
 "[T]he act of weighing and examining for and against a contemplated act or course of conduct. . . ." Black's Law Dictionary 384 (5th Ed. 1979).
In Oregonian Pub. v. State Bd. of Parole, 769 P.2d 795, 798
(Or.App. 1989), the statute provided that "deliberations" were exempt from open meetings. The court said:
 "Although ORS 192.690 exempts defendant's `deliberations' at a meeting, we hold that it does not exempt the portions of a meeting when defendant is gathering information upon which it will deliberate and decide, regardless of where defendant holds the meeting or whether the inmate, defendant or others wish to exclude the public." 769 P.2d at 798.
Your letter indicates that the Waiver Board gives proper notice of its meeting, opens such meeting, and then goes "into executive session for its deliberations as to each request, at which time the members would review the submitted support documents. Upon completing its deliberations it would return to open session and vote as to each individual discussed."
When exercising a judicial function, the distinction is made between the gathering of information to be considered during deliberations and the actual act of deliberating over the information. The former must be conducted during an open meeting while the latter is exempt from an open meeting. In Oregonian Publishing the court held that its open meetings statute which exempts "deliberations" does not include "the portions of a meeting when [a board or agency] is gathering information upon which it will deliberate and decide. . . ." Id.
While nothing prohibits a public body or agency from using the procedural formalities of an executive session to conduct non-public deliberations, the quasi-judicial deliberations exception is not one listed in the KOMA statute on executive sessions. K.S.A. 1996 Supp.75-4318. In other words, quasi-judicial deliberations are exempt from the KOMA. K.S.A. 1996 Supp. 75-4319.
While there are a variety of procedures which could be used, after hearing evidence and arguments a public body or agency may simply call its hearing to a close and deliberate over the course of a matter of hours, days or weeks. During the deliberations, the members may discuss the evidence and issues, draft a proposed order, and reach a consensus as long as they do not take a formal vote outside of an open meeting. See Attorney General Opinions No. 91-31, 84-50, 79-225.
In summary, the Waiver Boards hearings on determinations of whether to admit an inmate who does not meet the standard admission criteria are quasi-judicial rather than administrative. As such, deliberations are exempt from the KOMA and may be held either in an executive session or in private discussions between members after conclusion of the open meeting as long as no formal vote is taken outside of an open meeting.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm