Submitted August 7, 2015, affirmed March 16, 2016

PEPE GLENN RIVAS,
*Plaintiff,*
*and*

DANIEL LEE MAUPIN,
*Plaintiff-Appellant,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Defendant-Respondent.*

Marion County Circuit Court
13C14922; A155575

369 P3d 1239

Daniel Lee Maupin filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Plaintiff Maupin[1] appeals a judgment dismissing his complaint under ORS 192.680(2)[2] alleging violations of Oregon's Public Meetings Law, ORS 192.610 to 192.695, by defendant, the Oregon Board of Parole and Post-Prison Supervision (the board). In particular, plaintiff contends that the "file-pass" procedure used by the board to decide whether to order a second psychological evaluation of an offender in connection with a parole decision is a "meeting" that violates ORS 192.630(1) and other procedural provisions of the Public Meetings Law[3] because the board does not conduct that process openly and in compliance with the statutory procedures applicable to "meetings." Alternatively, plaintiff alleges that the file-pass procedure constitutes impermissible private deliberations, in violation of ORS 192.630(2).[4] The trial court dismissed the complaint on the grounds that the allegations fail to state a claim for violations of the Public Meetings Law and, alternatively, that the complaint is time barred. We conclude that plaintiff's allegations do not state a claim for violations of the Public Meetings Law and, accordingly, affirm.

---

[1] Although this case initially involved two plaintiffs, Rivas and Maupin, only plaintiff Maupin has appealed. Therefore, for ease of reference, we refer to Maupin as "plaintiff."

[2] ORS 192.680 states, in relevant part:

"(2) Any person affected by a decision of a governing body of a public body may commence a suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing body.

"*****

"(5) Any suit brought under subsection (2) of this section must be commenced within 60 days following the date that the decision becomes public record."

[3] ORS 192.630(1) states that "[a]ll meetings of the governing body of a public body shall be open to the public and all persons shall be permitted to attend any meeting except as otherwise provided by ORS 192.610 to 192.690." ORS 192.630(3) to (5) and ORS 192.640 to 192.672 impose additional requirements as to how "meetings" must be conducted.

[4] ORS 192.630(2) prohibits private deliberations by a quorum of a governing body of a public body, except when private deliberations are authorized by the Public Meetings Law: "A quorum of a governing body may not meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as otherwise provided by ORS 192.610 to 192.690."

We review the grant of a motion to dismiss for failure to state a claim under ORCP 21 A(8) for legal error, "assum[ing] the truth of all allegations in the complaint, as well as any inferences that may be drawn, and view[ing] them in the light most favorable to the nonmoving party." *BoardMaster Corp. v. Jackson County*, 224 Or App 533, 535, 198 P3d 454 (2008); *see Sternberg v. Lechman-Su*, 271 Or App 401, 406, 350 P3d 593, *rev den*, 358 Or 69 (2015).

According to the complaint, plaintiff is an offender for whom the board is charged with making parole-related decisions. In connection with the parole process, the board often orders a psychological evaluation of the offender, as authorized by ORS 144.223. Sometimes the board orders more than one psychological evaluation of an offender. To make the decision whether to order an additional psychological evaluation, the board—pursuant to a policy it adopted in 2007—employs what is known as the "file-pass" procedure. Under the file-pass procedure, a staff member identifies on a form the specific issue that the board needs to decide regarding a particular offender. That form, along with the offender's file, is passed from board member to board member. Board members comment on the form, and the form and file are then returned to a staff person who prepares a Board Action Form memorializing the decision reflected in the board members' comments. The process takes place in private, and is not open to the public.

Plaintiff alleges that the board has, in the past, employed the file-pass procedure to decide whether to order additional psychological evaluations for him. Among other things, he requests that those past decisions be invalidated on the grounds that the file-pass procedure does not comport with the requirements of the Public Meetings Law, and also requests that the board be required to comply with the Public Meetings Law in the future when making decisions about whether to order additional psychological evaluations in connection with parole decisions.

Plaintiff's allegations are insufficient to allege a violation of the Public Meetings Law. As to plaintiff's claim that the board's file-pass procedure violates ORS 192.630(1) because it is not open, and otherwise violates the statutory

procedures applicable to "meetings," that claim fails because the facts alleged are insufficient to establish that the file-pass procedure constitutes a "meeting." Our recent decision in *Handy v. Lane County*, 274 Or App 644, 362 P3d 867 (2015), *rev allowed*, 358 Or 550 (2016), makes that point clear.[5] We explained in *Handy* that to establish a violation of ORS 192.630(1), a plaintiff must, at a minimum, allege facts showing that a "meeting" has occurred. 274 Or App at 657-58. A "meeting" is a "convening of a governing body of a public body for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter." ORS 192.610(5). A "convening," under *Handy*, is a "contemporaneous gathering." 274 Or App at 657-58. The file-pass procedure, as described in the complaint, does not involve a contemporaneous gathering of the board; it involves a serial consideration of a file. Consequently, the file-pass procedure is not a "meeting." As a result, 192.630(1) and the other statutory procedures applicable to "meetings" do not apply to the file-pass procedure.

We turn to plaintiff's claim that the board engages in impermissible private deliberations in violation of ORS 192.630(2) when it employs the file-pass procedure to decide whether to order an additional psychological evaluation. *See Handy*, 274 Or App at 652-67 (discussing the nature of a "private deliberations" claim under ORS 192.630(2)); *see also TriMet v. Amalgamated Transit Union Local 757*, 276 Or App 513, 525-27, 368 P3d 50 (2016) (same). But the legislature has provided expressly that the board need not conduct its deliberations openly. ORS 192.690(1) states that "ORS 192.610 to 192.690 do not apply to the deliberations of the * * * State Board of Parole and Post-Prison Supervision."

---

[5] We recognize that the board did not argue below that the file-pass procedure did not involve a "meeting" within the meaning of the Public Meetings Law; instead, in addition to its statute of limitations argument, the board argued only that the file-pass procedure involved "deliberations" that were exempt from the requirements of the Public Meetings Law under ORS 192.690(1). However, in the light of *Handy*'s clarification of the Public Meetings Law and, in particular, its clarification of the differences between claims for violations of ORS 192.630(1) and claims for violations of ORS 192.630(2), we consider *Handy*'s clarification of the law in evaluating whether plaintiff's allegations are sufficient to state a claim for violation of the Public Meetings Law. *See TriMet v. Amalgamated Transit Union Local 757*, 276 Or App 513, 525-27, 368 P3d 50 (2016) (considering *Handy*'s clarification of ORS 192.630(2)).

That provision permits the board to conduct its deliberations in private, notwithstanding the contrary directive of ORS 192.630(2). *Oregonian Publishing Co. v. Board of Parole*, 95 Or App 501, 504-05, 769 P2d 795 (1989). Thus, to the extent that the board is deliberating in private when it uses the file-pass procedure, it is not in violation of ORS 192.630(2).

Affirmed.