Argued and submitted March 7, affirmed April 13, 2022

CROCKETT'S INTERSTATE TOWING &
TRANSPORT SERVICES, INC.,
*Plaintiff-Appellant,*

*v.*

OREGON STATE POLICE,
an agency of the State of Oregon; and
Patrick Huskey, an individual,
*Defendants-Respondents,*

*and*

DOUGLAS COUNTY SHERIFF'S OFFICE, et al,
*Defendants.*

Douglas County Circuit Court
19CV13896; A175314

509 P3d 755

Plaintiff, a Lane County towing company, appeals from a judgment dismissing, for failure to state a claim, its complaint asserting a due process violation under 42 USC section 1983. Plaintiff argues that defendants violated its protected interests by failing to properly instruct its employees or to correctly administer and maintain the nonpreference tow list required by OAR 257-050-0020(1). *Held*: Nothing in OAR 257-050-0020(1) creates a property or liberty interest in favor of towing companies, thus the Court of Appeals concluded that the trial court did not err in dismissing plaintiff's claim.

Affirmed.

Suzanne B. Chanti, Judge.

Kevin T. Lafky argued the cause for appellant. Also on the briefs was Lafky & Lafky.

Denise Fjordbeck, Assistant Attorney General, argued the cause for respondents. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

Egan, J.

Affirmed.

**EGAN, J.**

Plaintiff, a Lane County towing company, appeals from a judgment dismissing, for failure to state a claim, its complaint asserting claims of negligence, intentional interference with economic relations, and a due process violation under 42 USC section 1983[1] based on defendants Oregon State Police and Douglas County Sheriff's Department's refusal to allow plaintiff to respond to tow jobs involving accidents in Douglas County. Plaintiff's sole assignment of error asserts five arguments. We write to address and reject plaintiff's assertion that the complaint sufficiently stated facts to support a due process claim under 42 USC section 1983 and reject plaintiff's other arguments without discussion. We conclude that the trial court did not err in dismissing the claim. Accordingly, we affirm.

"We review the grant of a motion to dismiss for failure to state a claim under ORCP 21 A(8) for legal error."[2] *Rivas v. Board of Parole*, 277 Or App 76, 78, 369 P3d 1239 (2016), *rev den*, 360 Or 752 (2017). In doing so, we accept as true the allegations in the complaint, as well as any reasonable inferences that may be drawn, viewing them in the light most favorable to the nonmoving party. *Id*.

To state a claim for a procedural or substantive due process violation, a plaintiff must allege that they were deprived of a constitutionally protected liberty or property interest. *Meyer v. Oregon Lottery*, 292 Or App 647, 655, 426 P3d 89 (2018) ("[T]o state a claim under section 1983 on a due process theory, a plaintiff must begin by establishing that he or she had either a property or a liberty interest meriting constitutional protection." (internal quotation marks omitted)).

---

[1] 42 USC section 1983 provides, in part:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State of Territory, subjects or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." (Emphasis added.)

[2] *Former* ORCP 21 A(8) (2012), *renumbered as* ORCP 21 A(1)(h) (2022).

Plaintiff's complaint alleged:

"[Defendant] violated Plaintiff's procedural due process rights protected by the Fourteenth Amendment of the United States Constitution because the lack of an objective, professional, and complete investigation into Plaintiff's claims of excessive fees charged by tow companies within the state of Oregon. Plaintiff's liberty/property interests were violated when Defendants failed to maintain their respective tow lists and denied Plaintiff the ability to operate in North Douglas County, which violated Plaintiff's procedural due process rights."

On appeal, plaintiff limits its contention to the allegation relating to maintaining tow lists. *See* OAR 257-050-0020(1).[3] Plaintiff argues that defendants violated its protected interests by failing to properly instruct its employees or to correctly administer and maintain the nonpreference tow list required by OAR 257-050-0020(1).

The trial court concluded, and we agree, that OAR 257-050-0020(1) does not establish a property or liberty interest for all Oregon tow companies in proper maintenance of the nonpreference tow list. The rule states that its purpose is to further OSP's "interest in prompt and orderly removal of disabled or abandoned vehicles from the highways of the State of Oregon, and to meet the towing needs of the Department" and also provides that the list "is not a guarantee of business to the towing industry." Nothing in the rule's text creates a legitimate claim of entitlement sufficient to establish a protected interest in favor of towing companies. *See Goodson v. PERS*, 351 Or 173, 177, 264 P3d 148 (2011) ("[A] protected interest in property requires that the person have a legitimate claim of entitlement to a benefit that arises from an independent source such as state law." (Internal quotation marks omitted.)). Thus, we conclude that the trial court did not err in dismissing plaintiff's claim.

Affirmed.

---

[3] OAR 257-050-0020(1) provides that to facilitate OSP's "interest in the prompt and orderly removal of disabled or abandoned vehicles from the highways of the State of Oregon, and to meet the towing needs of the Department, the Department has established a non-preference tow program as defined in Oregon Administrative Rules (OAR) 257-050-0020 to 257-050-0200."