***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 1, affirmed October 5, 2022

Hamid Michael HEJAZI,
*Plaintiff-Appellant,*

*v.*

EUGENE MUNICIPAL COURT,
Eugene Police, and City of Eugene,
*Defendants-Respondents,*

*and*

LANE COUNTY ADULT CORRECTIONS
and Lane County,
*Defendants.*

Lane County Circuit Court
21CV02353; A176343

Suzanne B. Chanti, Senior Judge.

Hamid Michael Hejazi filed the brief *pro se*.

Ben Miller filed the brief for respondents.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from the trial court's limited judgment that granted defendants' motion to dismiss his complaint for failure to state a claim under ORCP 21 A(8) (2021).[1] On appeal, plaintiff argues that the trial court erred in granting the motion to dismiss and further erred when it did so without granting him leave to amend his complaint.

We review the grant of a motion to dismiss for failure to state a claim under *former* ORCP 21 A(8) for legal error. *Rivas v. Board of Parole*, 277 Or App 76, 78, 369 P3d 1239 (2016). In conducting that review, we assume the truth of the allegations in the complaint, including any inferences that can be drawn from them. *Id*. We also view the allegations in the light most favorable to the nonmoving party. *Id*.

The trial court did not commit legal error in dismissing the complaint. Although plaintiff argues otherwise, the record supports the trial court's characterization of the complaint as containing a single paragraph that sets out numerous theories of liability, accompanied by a statement of facts that are not linked to the individual theories of liability. As such, the complaint did not comply with *former* ORCP 16 C[2] or UTCR 2.010(11)(b) (2010).[3] Additionally, we find no legal error in the reasoning given by the trial court for dismissing several of the claims, including that they were not cognizable under Oregon law or that plaintiff failed to allege facts that were necessary to prevail. We note that in considering this case the trial court correctly relied upon ORCP 12 A and B in its analysis.

We agree with defendants that plaintiff did not preserve his claim regarding the trial court's failure to grant him leave to amend the complaint because he did not raise it below. ORAP 5.45(1); *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Plaintiff does not ask for plain error

---

[1] The rule has since been renumbered to ORCP 21 A(1)(h) without any change in substance. We cite to the version of the rule in existence at the time the trial court issued its decision in this case.

[2] Although the trial court cited to ORCP 16 B in its opinion, the quotation that it relied upon was taken from ORCP 16 C which is the applicable rule for this situation.

[3] This rule has also since been renumbered to UTCR 2.010(10)(b).

review and even if he did, the errors claimed in his brief do not meet the standard for plain error review. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Affirmed.