874 March 18, 2026 No. 216

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Carlos MERCADO,
an individual,
*Plaintiff-Appellant,*

*v.*

ROGUE DISPOSAL & RECYCLING, INC.,
a domestic corporation established
in the State of Oregon,
*Defendant-Respondent.*

Jackson County Circuit Court
23CV44648; A184307

Timothy Barnack, Judge.

Argued and submitted February 19, 2026.

Michael W. Franell argued the cause and filed the briefs for appellant.

Jacqueline Houser argued the cause for respondent. Also on the brief were Gilbert Cotto-Lazo and Littler Mendelson, P.C.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Plaintiff, defendant's employee, appeals from a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim under ORCP 21 A(1)(h) regarding two employment discrimination claims—retaliation and failure to promote based on racial discrimination. Because his complaint alleged facts that, if true, are sufficient to constitute a retaliation claim and a racial discrimination claim, we reverse and remand for further proceedings.

"We review the grant of a motion to dismiss for failure to state a claim [under ORCP 21 A(1)(h)] for legal error, assuming the truth of all allegations in the complaint, as well as any inferences that may be drawn, and viewing them in the light most favorable to the nonmoving party." *Rivas v. Board of Parole*, 277 Or App 76, 78, 369 P3d 1239 (2016), *rev den*, 360 Or 752 (2017) (internal quotation marks omitted).

To state a claim sufficient to survive a motion to dismiss, a plaintiff's complaint must allege ultimate facts that, if true, are sufficient for a factfinder to find for the plaintiff. *Moore v. Portland Public Schools*, 328 Or App 391, 420-21, 537 P3d 544 (2023). "A claim will survive a motion to dismiss if the complaint contains even vague allegations of all material facts." *Moyer v. Columbia State Bank*, 316 Or App 393, 403, 505 P3d 26 (2021), *rev den*, 369 Or 705 (2022). However, conclusions of law alone are insufficient. *Fearing v. Bucher*, 328 Or 367, 371, 977 P2d 1163 (1999).

*First Assignment of Error.* Plaintiff contends that the trial court erred by granting the motion to dismiss as to his retaliation claim under *former* ORS 659A.030(1)(f) (2021), *renumbered as* ORS 659A.030(1)(g) (2025). Under *former* ORS 659A.030(1)(f) (2021), as relevant here, it is an unlawful employment practice for any person to discriminate against any other person because that other person has opposed racial discrimination. Therefore, to survive a motion to dismiss, plaintiff must plead ultimate facts that if true establish that (1) he complained of racial discrimination—a protected activity, (2) he was subject to an adverse action, and (3) the adverse action was taken against him because of

his protected complaint. *Medina v. State of Oregon*, 278 Or App 579, 588, 377 P3d 626 (2016).

Plaintiff clearly alleged ultimate facts that, if true, are sufficient to establish the first two elements. He alleged that he complained "that certain employees were making illegal comments regarding [plaintiff] being Hispanic," supporting that he acted to defend his right to not be subject to racial discrimination—a protected activity. *See Cuddigan-Placito v. SAIF*, 335 Or App 663, 676, 560 P3d 715 (2024) ("[A protected activity] must be an activity linked to defending, in some manner, the rights afforded in ORS chapter 659A."). As to the second element—that he was subject to an adverse action, he alleged that several months after filing his complaint, he requested a repair for an equipment failure in his work truck. Repeated requests to repair equipment failures in his work truck were not addressed over a ten-month period, exposing him to extreme heat during work and leading to him experiencing heat exhaustion. *See Meyer v. Oregon Lottery*, 292 Or App 647, 679, 426 P3d 89 (2018) (to constitute adverse action under *former* ORS 659A.030(1)(f) (2021), the action must have been materially adverse such that it was "harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination").

As to the third element, plaintiff alleged sufficient ultimate facts to support a causal connection between the protected activity and the adverse action. He alleged that a substitute driver's repair request was addressed within three days and that the failure to repair his equipment occurred several months after the report, supporting an inference of causation based on disparate treatment and temporal proximity. *See id*. at 684 (four-month gap between protected activity and adverse employment action combined with other evidence sufficient to raise an issue of material facts regarding causation); *see also Boynton-Burns v. University of Oregon*, 197 Or App 373, 380, 105 P3d 893 (2005) (causal connection can be established indirectly through temporal proximity or "other evidence such as disparate treatment").

Plaintiff also alleged sufficient ultimate facts to support a reasonable inference that defendant knew of

plaintiff's protected activity. Defendant's direct or imputed knowledge of the protected activity is necessary to establish a causal connection. *See Meyer*, 292 Or App at 685 n 12 (no causal connection where no evidence supporting a reasonable inference that the person who undertook the adverse action knew of the protected activity). Here, plaintiff did not directly allege that defendant knew of the protected activity, but defendant's knowledge can be inferred from plaintiff's allegation that:

> "[He] complained that certain employees were making illegal comments regarding [plaintiff] being Hispanic. After filing those complaints, [plaintiff] began experiencing retaliation."

Drawing a reasonable inference in plaintiff's favor from those allegations, we conclude plaintiff adequately alleged defendant's knowledge. *Cf. Moyer*, 316 Or App at 405 (drawing reasonable inference that plaintiff adequately alleged defendant's agreement to contract based on directly alleged fact supporting consideration and later actions conforming with agreement).

In arguing for a contrary result, defendant first contends that plaintiff failed to allege facts sufficient to establish a protected activity because he omitted what illegal comments were made and by whom. However, plaintiff need not show that the comments were actually discriminatory in order for his report to be considered a protected activity. *See Boynton-Burns*, 197 Or App at 380 ("An employee can prevail on a retaliation claim by establishing that the employer retaliated against [him] for opposing claimed discriminatory practices even if the practices were not, in fact, discriminatory."). Second, defendant contends that failure to repair plaintiff's work vehicle cannot be an adverse employment action because under *former* ORS 659A.030(1)(f) (2021). The analysis of an adverse employment action under *former* ORS 659A.030(1)(f) (2021) centers on what would dissuade a reasonable worker from opposing an unlawful practice, and includes employment actions beyond "compensation, terms, conditions, or privileges of employment." *Meyer*, 292 Or App at 679; *see also Summerfield v. OLCC*, 366 Or 763, 783, 472 P3d 231 (2020) (noting adverse employment actions under

*former* ORS 659A.030(1)(f) (2021) include broader conduct than "terms, conditions, or privileges of employment" covered under a whistleblowing claim under ORS 659A.199). Therefore, we reject defendant's argument that plaintiff's claim fails for that reason.

Overall, giving plaintiff the benefit of all favorable inferences that may be drawn from his factual allegations, plaintiff alleged sufficient ultimate facts that, if true, constitute a retaliation claim.

*Second Assignment of Error.* Plaintiff contends that the trial court erred by granting defendant's motion to dismiss plaintiff's claim of racial discrimination under ORS 659A.030(1)(b). ORS 659A.030(1)(b) provides, as relevant here, that it is an unlawful employment practice for an employer to discriminate against an individual in compensation or in terms, conditions, or privileges of employment based on the individual's race. To plead ultimate facts sufficient to constitute a claim of racial discrimination, plaintiff must plead that (1) plaintiff is a member of a protected class, (2) plaintiff was qualified for the job sought, (3) plaintiff suffered an adverse employment action—the failure to promote, and (4) other similarly situated nonminority employees were treated more favorably." *Miller v. Racing Commission*, 298 Or App 70, 90, 445 P3d 371 (2019); *Medina*, 278 Or App at 587.

First, plaintiff identifies as Hispanic. Second, he alleged that he regularly trained new drivers, training a total of eleven different drivers, and was a senior employee, having worked for defendant for 22 years. Third, he alleged that he "several times expressed a desire to be promoted" to a driver trainer position and was never promoted. Fourth, he alleged that two less-experienced and less-qualified white employees trained by plaintiff were promoted. Thus, plaintiff pled ultimate facts sufficient to constitute a claim of racial discrimination.

Defendant contends that plaintiff failed to plead with sufficient detail two required ultimate facts. In considering defendant's arguments, federal case law considering the analogous provision of Title VII provides helpful guidance. *See H.K. v. Spine Surgery Center of Eugene*, 305 Or

App 606, 611, 470 P3d 403 (2020), *rev den*, 367 Or 826 (2021) ("Oregon courts look to federal cases construing Title VII for guidance in construing ORS 659A.030.").

First, defendant argues that plaintiff failed to allege *when* he had expressed his desire for a promotion in order to allow comparison to the similarly situated nonminority promotions. Because there was no formal application process, plaintiff was not required to apply or otherwise express a desire for a promotion in order to plead his *prima facie* claim of discrimination, let alone specify when such expression occurred. *Cf. Lyons v. England*, 307 F3d 1092, 1114 (9th Cir 2002) (explaining that in evaluating parallel Title VII provision, an application or expression of interest in promotion is not required where the employer has no formal application process for promotions).

Second, defendant contends that plaintiff failed to specify *what qualifications* were required for the driver trainer position to determine if he was qualified for the job. Where an employer "has not published the qualifications for positions that were awarded without a competitive application process," an employee need only allege "circumstantial evidence of his qualification for the position" to plead a *prima facie* case. *Id*. Here, plaintiff alleged such circumstantial ultimate facts, including that he "was one of the most senior employees," regularly trained new drivers, had "trained a total of eleven different drivers," and that two employees with "significantly less experience and skills" had been promoted to the sought position within two years after being trained by him. Those alleged facts, if true, are sufficient for a factfinder to find that plaintiff was qualified for and was not promoted to the sought position due to his race.

Finally, defendant contends that plaintiff failed to follow the trial court's direction to include additional factual allegations. The complaint pleaded ultimate facts that, if true, constitute a retaliation claim under *former* ORS 659A.030(f) (2021) and racial discrimination under ORS 659A.030(b). To the extent that the trial court required greater detail, those requirements were in error.

Reversed and remanded.