Argued and submitted July 25, 1988, affirmed April 5, 1989

HARRIS et al,
*Appellants,*

*v.*

NORDQUIST et al,
*Respondents.*

(84-2949-J-2; CA A45597)

771 P2d 637

L. L. Sawyer, Judge.

Clayton C. Patrick, Salem, argued the cause for appellants.With him on the briefs was Paul B. Meadowbrook, Salem.

Manville M. Heisel, Central Point, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs brought this action under ORS 192.610 to "enforce" the Open Meetings Law, ORS 192.610 to ORS 192.690, seeking declaratory and injunctive relief. The trial court granted defendants' motion for summary judgment, and plaintiffs appeal. We affirm.

Plaintiff Oregon School Employees Association (OSEA) is a labor organization that includes as members employes and residents of Phoenix-Talent School District 4. Plaintiff Harris is a taxpayer and property owner in District 4. Defendants are the District, its board of directors (the board), the board clerk and the superintendent.

Plaintiffs allege that individual members of the board, in sufficient numbers to constitute a quorum, have met secretly in various restaurants to discuss and decide school district issues without giving any notice or taking minutes and that the board either failed to take minutes at other duly publicized "executive sessions" or destroyed minutes of those sessions. They seek to enjoin defendants from meeting in private in the future and from conducting meetings without taking and preserving minutes. Defendants admit that the Open Meetings Law applies to them, but assert that the alleged private meetings were merely social gatherings that some of them attended from time to time before and after the board's regular meetings. They admit that they held the alleged executive sessions, but deny that minutes were either not taken or destroyed in violation of the law.

After discovery, plaintiffs filed a motion for summary judgment, supported by affidavits and deposition testimony. Defendants then filed a motion for summary judgment, relying solely on the evidence on which plaintiffs relied in support of their motion. Defendants' motion was granted.

Although the trial court's decision was not based on plaintiffs' lack of standing, defendants argued that question below and re-argue it here. Because it is a threshold issue, we address it. ORS 192.680 provides for the right to bring an action under the Open Meetings Law and is the exclusive remedy for an alleged violation of that law. ORS 192.680(3). ORS 192.680(1) provides, in pertinent part:

"(1)   Any person affected by a decision of the governing

body of a public body may commence suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing body. The court may order such equitable relief as it deems appropriate in the circumstances. A decision shall not be voided if other equitable relief is available * * *."

Defendants contend that it is necessary for a plaintiff to allege specifically that he has been affected by a decision of the governing body in order to have standing and that plaintiffs have made no such allegation.

■    Although a literal reading of the first phrase of the statute might support defendants' contention, that interpretation would run counter to the clear policy of the statutory scheme to keep the public informed of the deliberations and decisions of governing bodies and of the information on which decisions are made. ORS 192.620.[1] That is not to say that ORS 192.080(1) permits just anyone to bring an action. To have standing, one must be affected by a decision, if one is made, and, if that is the case, the statute, read as a whole, authorizes the commencement of an action. If, for example, it were necessary to allege that a specific decision had been made that affected the plaintiff, it would be too late to bring an action "for the purpose of requiring compliance with" the law; the decision would have been made. Although a decision may be voided, the statute provides that the court "shall not" void it, if other equitable relief is available, and it is difficult to perceive what other effective relief would be available, if the decision is an accomplished fact.

■    The same is true with respect to an action brought "for the prevention of violations" of the law. That cannot be accomplished with respect to a decision that has already been made, unless the court voids that decision; yet, the courts are told not to do that, except as a last resort. Furthermore, an

---

[1] ORS 192.620 provides:

"The Oregon form of government requires an informed public aware of the deliberations and decisions of governing bodies and the information upon which such decisions were made. It is the intent of ORS 192.610 to 192.690 that decisions of governing bodies be arrived at openly."

action may be commenced to determine the applicability of the law to "decisions of the public body"; it seems clear that, to maintain an action for that purpose, there need not have been a decision affecting the plaintiff. Considering the statute as a whole, we conclude that the statute contemplates, at least, that any person who might be affected by a decision that might be made has standing to see that the decision is made in compliance with the Open Meetings Law.

■    Plaintiffs allege that they are residents of the district, that some members of OSEA are its employes and that at least some of them are taxpayers in the district; they also allege that all of them are "vitally interested in all manner of decisions made by Defendants and the input, comments and deliberations incident to such decisions by school board members, administrators and advisers whose counsel members seek preparatory to make decisions." They also allege that defendants are not complying with the Open Meetings Law, referring to specific instances of "secret" meetings attended by a quorum of the board. That is enough to show that plaintiffs are affected by defendants' decisions and to permit them to maintain this action seeking compliance with the law. We proceed to the merits.

Plaintiffs contend that defendants were not entitled to summary judgment on the evidence submitted. The moving party has the burden of showing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. The record is viewed in the light most favorable to the party opposing the motion. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978).

■■    Plaintiffs allege, in their first and second claims, that private meetings of a quorum of the board were held, at which no minutes were taken, in violation of ORS 192.630(2) and ORS 192.650.[2] The issue crucial to both claims is whether

---

[2] ORS 192.650 provides, in part:

"(1) The governing body of a public body shall provide for the taking of written minutes of all its meetings. Neither a full transcript nor a recording of the meeting is required, except as otherwise provided by law, but the written minutes must give a true reflection of the matters discussed at the meeting and the views of the participants. All minutes shall be available to the public within a reasonable time after the meeting * * *."

some of the board's members' gatherings at various restaurants before and after board meetings violated ORS 192.630(2), which provides:

"No quorum of a governing body shall meet in private for the purpose of deciding on or deliberating toward a decision on any matter except as otherwise provided by ORS 192.610 to 192.690."

There is no dispute but that a quorum of the board did gather on occasion at various restaurants, sometimes before and sometimes after official meetings. Plaintiffs contend that, because a quorum was present, there was a "meeting" within the meaning of ORS 192.610(5).[3] However, the gathering of the members of the governing body was not a "meeting" within the meaning of ORS 192.610(5), because it was not "the convening" of the body "for which a quorum is required in order to make a decision or deliberate toward a decision." Because there was no "meeting" within the meaning of ORS 192.610(5), no minutes were required under ORS 192.650. Furthermore, if the private gathering of a quorum at the restaurant took place to decide or deliberate toward a decision, it would have been prohibited by ORS 192.630(2), and ORS 192.650 does not require minutes of prohibited gatherings. The only evidence is that defendants did not meet for the purpose of deciding on or deliberating toward a decision on any matter and never discussed or deliberated about board business at those gatherings. The strongest evidence that plaintiffs adduced is an admission by some defendants that they sometimes discussed "what's going on at the schools."

Plaintiffs argue that they have established a *prima facie* case of violation of ORS 192.630(2), shifting the burden of proof to defendants. ORS 192.695 provides:

"In any suit commenced under ORS 192.680(1), the plaintiff shall be required to present prima facie evidence of a

---

[3] ORS 192.610(5) provides:

" 'Meeting' means the convening of a governing body of a public body for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter. 'Meeting' does not include any onsite inspection of any project or program. 'Meeting' also does not include the attendance of members of a governing body at any national, regional or state association to which the public body or the members belong."

violation of ORS 192.610 to 192.690 *before the governing body shall be required to prove that its acts in deliberating toward a decision complied with the law.* When a plaintiff presents prima facie evidence of a violation of the open meetings law, the burden to prove that the provisions of ORS 192.610 to 192.690 were complied with shall be on the governing body." (Emphasis supplied.)

Under that statute, once a plaintiff has made a *prima facie* case that a quorum of a public body has met in private for the purpose of deciding on or deliberating toward a decision on any matter, the burden then shifts to the defendants to prove that no violation of the Opening Meetings Law occurred. It does not provide, as plaintiffs would have it, that, when a plaintiff presents evidence that a private gathering of a quorum of the board was held, the burden then shifts to the defendants to prove that it was not a meeting that violated the Open Meetings Law.

■■  Information gathering is distinct from deliberating. *Oregonian Publishing Co. v. Board of Parole,* 95 Or App 501, 769 P2d 795 (1989). The prohibition is against a quorum of a governing body meeting in private for the purpose of deciding on or deliberating toward a decision. ORS 192.630(2). Plaintiffs conducted extensive discovery in this case, and the only evidence that they adduced is that some of defendants occasionally had discussed "what was going on at the schools." Although we draw all reasonable inferences in favor of plaintiffs, it would be pure speculation to draw from that statement an inference that the purpose when the quorum of the board met in private was to decide on or deliberate toward a decision, or that discussion of the goings on at the school involved, in any way, deliberations toward a matter to be decided by the board. Because there is no such evidence, there was no violation of ORS 192.630(2) and ORS 192.695 was not involved. The trial court did not err in granting defendants' motion for summary judgment on plaintiffs' first and second claims.

■■  In their third claim, plaintiffs allege that minutes of admitted executive sessions were either not taken or were destroyed, in violation of ORS 192.650. There is no evidence that the board failed to take minutes of those sessions. There is, however, evidence that a school district employe had erased tape recordings of meetings on two occasions at the end of school years, for the school years preceding those which had

just ended. Thus, all of the tapes were kept at least one year. ORS 192.650 requires that minutes be made available to the public within a reasonable time after a meeting; it is silent as to how long the minutes must be kept. Either the statute requires that the minutes be kept forever, which we do not believe the legislature intended, or that they be kept for a reasonable time. We conclude that, in the absence of evidence that a longer time is required, it intended the latter, and that one year is a reasonable time. Therefore, summary judgment on the third claim was also proper.

■ Plaintiffs contend that defendants' motion for summary judgment should not have been considered, because it was not supported by affidavits or other evidence. However, defendants relied on the affidavits and depositions submitted by plaintiffs in support of their motion. There is no reason under ORCP 47B why defendants may not do that and, if the record made by plaintiffs shows that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law, the motion should be granted. That is the case here.

■ Finally, plaintiffs assign error to the trial court's allowing defendants to file their motion for summary judgment less than 45 days before the date set for trial and in allowing argument on that motion fewer than 20 days after it was filed, in contravention of ORCP 47C. Although the rule specifies those time limits, it also gives the trial court discretion to modify the prescribed times for filing and argument. As the trial court noted, defendants relied on the evidence submitted by plaintiffs in support of their motion, so there was no "new evidence" to rebut. Furthermore, plaintiffs objected to any postponement of the trial date, rather than requesting additional time within which to respond to defendants' motion. In the light of those facts, we believe that the trial court acted within its discretion.

Affirmed.