QUESTIONS PRESENTED AND CONCLUSIONS
1. Must minutes be taken at any meetings of a local public body?
 Yes, when the local public body retains the option to take formal action.
2. Must the public body use a particular format for recording minutes?
No.
3. Who is responsible for taking and recording minutes?
 Generally, clerks or secretaries of the public body take and record minutes.
 ANALYSIS
1. In 1991, the General Assembly amended the Open Meetings Law to include local public bodies. This change broadened the Open Meetings Law in furtherance of the statute's declared intent: "[T]he formation of public policy is public business and may not be conducted in secret." Section 24-6-401, C.R.S. (1992 Supp.). It gave Colorado's citizens a greater "opportunity to become fully informed and involved with matters on which foreseeable action will be taken and which will have a direct effect on their welfare." Littleton Education Ass'n v.Arapahoe County School District, 191 Colo. 411,418, 553 P.2d 793, 798 (1976).
The new law reads as follows:
 Minutes of any meeting of a local public body at which the adoption of any proposed policy, position, resolution, rule, regulation, or formal action occurs or could occur shall be taken and promptly recorded and such records shall be open to public inspection.
Section 24-6-402(2)(d)(II), C.R.S. (1992 Supp.) (emphasis added).
Although the new law treats state and local public bodies similarly in requiring "open" meetings and in requiring sufficient notice, it treats them differently as to the recording of minutes. State public bodies must record minutes of all meetings. Section 24-6-402(2)(d)(I), C.R.S. (1992 Supp.). But, as shown above, local public bodies must record minutes only when they conduct meetings at which the "adoption" of any "formal action" could occur.
Within the meaning of this statute, the word "adoption" means the "taking" of any official action — i.e., "to accept, consent to and put into effective operation; as in the case of a constitution, constitutional amendment, ordinance or by-law." Black's Law Dictionary (5th ed).
The term "formal action" appears to encompass any official act which a public body might accomplish. The actions enumerated in the statute — i.e., "adoption of any policy, position, resolution, rule, regulation" — are only examples of "formal action." (Thus, an official action not listed in the statute would still trigger the recording requirement.)
Therefore, if the local public body intends to adopt a formal action, or wishes to retain the authority to adopt such an action, it must record minutes. Conversely, if the local public body announces (in an agenda or during a prior public meeting) that no formal action will be taken, then minutes are not required.
Statutory requirements aside, however, it is clear that minutes should be taken whenever feasible. They are the chief means by which most citizens can ascertain the activities of local public bodies. They provide insight into the intent behind particular situations, and they provide invaluable assistance in helping successors and the courts implement the policy and intentions of the public entities. Without minutes, significant historical gaps are likely to occur.
2. The form of the minutes is left to the reasonable discretion of the local public body. To the extent practicable, written minutes should be used. Christiansen v.Harris, 163 P.2d 314, 317 (Utah 1945). However, tape recordings have been deemed acceptable. Cf.Harris v. Nordquist, 771 P.2d 637, 641 (Or.App. 1989). A verbatim transcription is not required, particularly when the local public body does not have the fiscal resources to provide a verbatim transcription. School District No. 9 v.District Boundary Board, 351 P.2d 106, 113 (Wyo. 1960). However, any summaries must be sufficiently detailed to allow the public to discern the body's activities. Howardv. Lindmer, 214 P.2d 737, 742 (Wyo. 1950).
3. Generally, clerks or secretaries of the local public bodies take and record minutes. Cf. § 30-10-319, C.R.S. (1986). However, if the clerk or secretary is unavailable, other designated officials or employees of the local public body have inherent authority to record the proceedings.Board of County Commissioners v. Hatfield,39 Colo. App. 548, 551-52, 570 P.2d 1091, 1093 (1977).
SUMMARY
Minutes of any meeting of a local public body at which formal action may occur must be taken and recorded. The method by which they are taken may vary; however, the minutes must accurately reflect the activities of the meeting.
 Gale A. Norton Attorney General
 Maurice Knaizer Deputy Attorney General
OPEN MEETINGS COUNTIES PUBLIC INFORMATION
§ 24-6-402, C.R.S. (1991 Supp.)
SENATE
Minutes of any meeting of a local public body at which formal action may occur must be taken and promptly recorded. The method by which they are taken may vary; however, the minutes must accurately reflect the activities of the meeting.