POWERS, J.
*156 In this case brought under Oregon's Public Meetings Law, ORS 192.610 to 192.695, plaintiff challenges the grant of summary judgment to Wasco County, Scott Hege, Steve Kramer, and Rod Runyon, individually and in their capacities as members of the Board of County Commissioners of Wasco County (collectively "defendants"), arguing that the trial court erred in concluding that the case was moot and that it was not likely to evade review in the future. We conclude that, after Wasco County rescinded the challenged decision, the case was moot and that there is nothing about this case that suggests a similar decision by the county would evade review or terminate before it could be fully adjudicated. Finally, although we agree with the trial court's conclusion that the case was moot, we conclude that the trial court erred by entering a judgment in favor of defendants after concluding that the case was moot rather than entering a judgment of dismissal. Accordingly, we vacate and remand with instructions to enter a judgment of dismissal.
The relevant facts are few and undisputed. In 2013, Wasco County entered into an intergovernmental agreement (IGA) with Sherman *577 County and Gilliam County to form the North Central Public Health District (NCPHD). In December 2014, the Board of County Commissioners of Wasco County held its regularly scheduled meeting, which included an item on the agenda related to a quarterly report about the county's participation in NCPHD. At that meeting, the board discussed the report, and the presenter representing NCPHD left the meeting. After the board discussed some unrelated items, one of the commissioners made a motion to give notice of Wasco County's intent to withdraw from NCPHD and to not sign a renewal IGA for NCPHD. The commissioners voted unanimously in favor of that motion.
In February 2015, plaintiff initiated this action, alleging that defendants violated Oregon's Public Meetings Law by voting to withdraw from NCPHD. Specifically, plaintiff alleged that, in violation of the public meetings law, the agenda for the December 2014 meeting did not *157 include an item regarding the withdrawal from NCPHD and that defendants communicated privately outside of a public meeting on the decision to withdraw from NCPHD. Plaintiff's prayer for relief asked the court (1) to declare void the county's decision to give notice of its intent to withdraw; (2) for attorney fees and costs, and (3) "[f]or such other further relief as the court deems equitable and just to assure conformance of Defendants with Oregon's public meeting laws."
Five days after plaintiff filed his complaint, the board held a meeting that included on its agenda the issue of the county's participation in NCPHD. At that meeting, the commissioners voted unanimously to rescind the December 2014 decision to give notice of Wasco County's intent to withdraw from NCPHD.
Based on the rescission, defendants moved for summary judgment, arguing that the case was moot and otherwise nonjusticiable relying on Krisor v. Henry , 256 Or. App. 56, 300 P.3d 199, rev. den. , 353 Or. 787, 304 P.3d 466 (2013). Plaintiff opposed defendants' motion contending that under Harris v. Nordquist , 96 Or. App. 19, 771 P.2d 637 (1989), there does not need to be a completed decision by a public body for an action brought under the public meetings law to be justiciable. Plaintiff further remonstrated that Krisor was distinguishable because, unlike the plaintiff in Krisor , who mainly sought to have the court void a hiring decision, plaintiff in this case requested additional relief. Plaintiff also argued that the case was justiciable because defendants' conduct was capable of repetition and likely to evade review in the future, which satisfied the standard in ORS 14.175.[1]
The trial court granted summary judgment in favor of defendants, explaining: "I'm looking at a complaint here *158 that is moot. The decision has been withdrawn. And with regards to ORS 14.175, I do not think that the challenge[d] polic[ies] or practice[s] are likely to evade judicial review." The court then entered an order granting defendants' motion, concluding that: (1) the challenged policy was not likely to evade judicial review; (2) plaintiff's claim was moot; and (3) plaintiff's claim was not justiciable. The trial court subsequently entered judgment in favor of defendants.
On appeal, plaintiff reprises his arguments. He argues that the case was justiciable, because his request for equitable relief distinguishes this case from Krisor and prevents the case from being moot.[2] Plaintiff also argues *578 that both Harris and ORS 192.680 support his position that the case was not rendered moot when Wasco County rescinded its decision because a completed decision is not required to initiate a lawsuit under the public meetings law.[3] Finally, plaintiff argues that, even if the case was moot, the trial court erred in concluding that the challenged "act, policy, or practice" was not likely to evade review in the future.[4]
As a general matter, we will dismiss as moot cases " 'in which a court's decision no longer will have a practical effect on or concerning the rights of the parties.' "
*159 Eastern Oregon Mining Assoc. v. DEQ , 360 Or. 10, 15, 376 P.3d 288 (2016) (quoting Brumnett v. PSRB , 315 Or. 402, 406, 848 P.2d 1194 (1993) ). The Supreme Court has explained that, although dismissal of nonjusticiable cases was not necessarily required, at least in cases involving matters of public interest, existing case law offers guidance concerning dismissal as a prudential matter. Eastern Oregon Mining Assoc. , 360 Or. at 15, 376 P.3d 288. Under ORS 14.175, however, we may decide an otherwise justiciable case that has become moot if the challenged action is capable of repetition yet evading review.[5] See Couey v. Atkins , 357 Or. 460, 520, 355 P.3d 866 (2015) (holding that a court may hear "public actions or cases that involve matters of public interest that might otherwise have been considered nonjusticiable under prior case law").
Our decision in Krisor is instructive. In that case, the plaintiff brought a challenge under the public meetings law to a decision by the Lake County Fair Board to appoint Dwayne Haffner as a maintenance technician. 256 Or. App. at 57, 300 P.3d 199. In the complaint, the plaintiff sought the following relief:
"a. The decision to hire Dwayne Haffner be declared void.
"b. That Plaintiff be awarded his costs and disbursements incurred herein.
"c. That Plaintiff be awarded reasonable attorney fees pursuant to ORS 192.680 [ (3) ]."
Id. at 58, 300 P.3d 199 (bracketed text in original). After the plaintiff commenced the action, but before trial, Haffner's employment relationship with the fair board ended and, at the time of trial, he was no longer employed there. Id. at 57, 300 P.3d 199. Ultimately, the trial court granted the defendants' motion for summary judgment on a statute of limitations issue, and the plaintiff *160 appealed. Id. On appeal, we did not reach the statute of limitations issue because we concluded that the case was moot:
"[T]he only relief that plaintiff sought (and, therefore, the only relief the court could have provided) was voiding the appointment of Haffner and awarding plaintiff his costs and attorney fees. Thus, granting plaintiff the substantive relief that he requested *** would have no practical effect *579 on plaintiff's rights ***. Nor did the prayer for costs and attorney fees save the case from mootness. Where a case has become moot before entry of judgment, the entire case, including attorney fees, is moot."
Id . at 59, 300 P.3d 199. Thus, like the situation presented in Krisor , the board's decision in this case to rescind the earlier decision to provide notice of Wasco County's intent to withdraw from NCPHD mooted the case.
Plaintiff argues, however, that this case is distinguishable from Krisor because his prayer for relief was broader than the one in Krisor . According to plaintiff, his additional claim for equitable relief prevents the case from being moot. We disagree. Although it is true that plaintiff sought equitable relief, the equitable relief he sought was "to assure conformance of Defendants with Oregon's public meeting laws." In the absence of any allegations suggesting that this was more than an isolated instance that general prayer for equitable relief-which stood alone after the other claims for relief were rendered moot by the board's rescission of its earlier decision-depends on hypothetical future events and as such is not sufficient to present a justiciable case. See, e.g. , TVKO v. Howland , 335 Or. 527, 534, 73 P.3d 905 (2003) ("To be justiciable, a controversy must involve a dispute based on present facts rather than on contingent or hypothetical events.").
Plaintiff also relies on ORS 192.680(2) and on Harris v. Nordquist , 96 Or. App. 19, 771 P.2d 637 (1989), to argue that the case is not moot because the statute does not require a completed decision. In plaintiff's view, because ORS 192.680(2) does not require the existence of a completed decision, defendants' rescission of the December 2014 decision does not render the action moot. The problem with that argument, however, is that both ORS 192.680(2) and *161 Harris address standing under the public meetings law and do not pass on whether a subsequent event-such as the public body rescinding the challenged decision-renders a case moot or nonjusticiable. See City of Damascus v. Brown , 266 Or. App. 416, 430, 337 P.3d 1019 (2014) ("Standing deals with who can bring a controversy before the court ***. Mootness, on the other hand, deals with what controversies can be brought before the court." (Emphases in original; internal quotation marks and citations omitted.) ). That is, ORS 192.680(2) addresses standing when it provides that "[a]ny person affected by a decision of a governing body of a public body may commence a suit *** for the purpose of requiring compliance with, or the prevention of, violations of" the public meetings law, "or to determine the applicability of" the public meetings law "to matters or decisions of the governing body." Similarly, the court in Harris addressed a challenge to the plaintiff's standing when, after analyzing ORS 192.680, the court concluded "that the statute contemplates, at least, that any person who might be affected by a decision that might be made has standing to see that the decision is made in compliance with the Open Meetings Law." 96 Or. App. at 23, 771 P.2d 637. Thus, although plaintiff established standing under ORS 192.680(2) and Harris , which defendants do not contest, the case may still become moot if there is no relief that the court could grant that would have an effect on the parties' rights. See Couey , 357 Or. at 469, 355 P.3d 866 ("To maintain a declaratory judgment action, a plaintiff must establish at the outset that he or she satisfies the statutory requirements for standing to bring the action. Thereafter, the plaintiff's concrete stake in the outcome must continue throughout the pendency of the case. If, after the initiation of the action, it becomes moot, it will be dismissed for want of justiciability." (Citations and footnote omitted.) ).
Finally, we reject plaintiff's argument based on ORS 14.175 that any future decision by the county to withdraw from NCPHD is likely to evade judicial review in the future. Plaintiff's allegation that defendants conducted unlawful deliberations outside of public meetings does not explain how that conduct, if true, would evade judicial scrutiny. That is, plaintiff has not presented any argument that, even if the board voted to give notice to withdraw from NCPHD again, *162 using procedures that ran afoul of the public meetings law, that decision would evade review or terminate before the board's decision could be fully adjudicated. *580 In short, once the board rescinded its decision to give notice of intent to withdraw from NCPHD, the only nonspeculative relief requested by plaintiff that was based on present facts had been rendered moot. However, the trial court erred in entering judgment in defendants' favor when the case was moot. See Kay v. David Douglas Sch. Dist. No. 40 , 303 Or. 574, 579, 738 P.2d 1389 (1987) (holding that the trial court should have dismissed the proceedings, rather than enter a judgment, because when the judgment was entered "there was by that date nothing for the court to decide"). Accordingly, we vacate the trial court's judgment and remand the case to the trial court to dismiss the case as moot.
Vacated and remanded with instructions to enter a judgment of dismissal.

Plaintiff also presented arguments on a proposed amended complaint, which had not been filed with the court, to support his position that relief was available that would have defeated defendants' mootness argument. After the summary judgment hearing, but before judgment was entered, plaintiff filed a motion for leave to file an amended complaint, which was not ruled on by the trial court. The proposed amended complaint was attached to that motion and included an expanded prayer for relief. Plaintiff does not assign error to the trial court's handling of the motion for leave to amend, and we do not consider the contents of the proposed amended complaint that was never filed in the trial court.

Plaintiff's argument on equitable relief is based on ORS 192.680(3), which provides for equitable relief as a potential remedy:
"Notwithstanding subsection (1) of this section, if the court finds that the public body made a decision while in violation of ORS 192.610 to 192.690, the court shall void the decision of the governing body if the court finds that the violation was the result of intentional disregard of the law or willful misconduct by a quorum of the members of the governing body, unless other equitable relief is available. The court may order such equitable relief as it deems appropriate in the circumstances. The court may order payment to a successful plaintiff in a suit brought under this section of reasonable attorney fees at trial and on appeal, by the governing body, or public body of which it is a part or to which it reports."

ORS 192.680 provides, in part:
"(2) Any person affected by a decision of a governing body of a public body may commence a suit in the circuit court for the county in which the governing body ordinarily meets, for the purpose of requiring compliance with, or the prevention of violations of ORS 192.610 to 192.690, by members of the governing body, or to determine the applicability of ORS 192.610 to 192.690 to matters or decisions of the governing body."

Plaintiff makes no argument with regard to the effect of his request for attorney fees on our mootness analysis, and we express no opinion on that issue.

Under ORS 14.175, a party
"may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:
"(1) The party had standing to commence the action;
"(2) The act challenged by the party is capable of repetition or the policy or practice challenged by the party continues in effect; and
"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."