IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MATTHEW L. BOWERS,　　　　　　　)
and CHRISTEEN A. BOWERS,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　)　　TC-MD 230462N
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　)
State of Oregon,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)　　**DECISION OF DISMISSAL**

This matter came before the court on Defendant's motion to dismiss. (Answer at 1.) On December 4, 2023, Plaintiffs filed a Complaint challenging Defendant's Notice of Refund Offset dated October 2, 2023, for the 2022 tax year, requesting that the refund be divided in accordance with each individual spouse's income. Plaintiffs also requested an award of the filing fee. (Compl at 1.) In its Answer, Defendant requested that Plaintiffs' Complaint be dismissed because it granted Plaintiffs' requested relief and issued a refund check on December 12, 2023. A case management conference was held on January 22, 2024, during which Plaintiff Matthew L. Bowers confirmed receipt of that check, leaving only the issue of the filing fee unresolved.

## I. STATEMENT OF FACTS

At the case management conference, the parties agreed to several facts. On October 19, 2023, Plaintiffs made a timely request to Defendant to divide the refund. Plaintiffs then filed an appeal with this court on December 4, 2023, while the request to Defendant was still pending. Plaintiffs did not call Defendant or otherwise check the status of their request before appealing to this court, and Defendant did not notify Plaintiffs that their request was pending.

/ / /

DECISION OF DISMISSAL  TC-MD 230462N　　　　　　　　　　　　　　　　　　　　　　1

Defendant declined to reimburse Plaintiffs' filing fee, reasoning that Plaintiffs should have called Defendant to check the status of their request. Defendant stated that it may take two to six months to process a request to divide the refund.

## II.  ANALYSIS

The issue presented is whether Plaintiffs should be awarded costs and disbursements in the amount of the $50 filing fee.[1] Before reaching that issue, the court must determine whether it retains jurisdiction over the Complaint, which is not the case when the appeal becomes moot. *See Myers v. Dept. of Rev.*, TC-MD 190192N, 2021 WL 4902113 (Or Tax M Div, Oct 21, 2021) *citing Hoggard v. Dept. of Rev.*, 23 OTR 406, 412 (2019) (affirming principle that, "[w]hen a case becomes moot, the consequence is that '*the entire* case, including attorney fees, is moot'" (emphasis in original)). Here, Plaintiffs received their requested relief from Defendant, making the case moot. Thus, the court lacks jurisdiction over Plaintiffs' appeal and must dismiss it without reaching the issue of costs and disbursements unless an exception applies.

In *Hoggard*, the court described the discretionary exception found in ORS 14.175 where, among other requirements, the challenged act is capable of repetition, or the challenged policy and practice continues in effect, and the act, policy, or practice is likely to evade judicial review in the future. 23 OTR 412-413.[2] Defendant stated that it may take two to six months to process a request to divide a refund. That timeframe is potentially at odds with the statutory requirement

/ / /

---

[1] " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee * * *" Tax Court Rule-Magistrate Division (TCR-MD) 16 A.  "In any action, costs and disbursements may be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements will not be allowed to the prevailing party or will be allowed to some other party, or unless the court otherwise directs."  TCR-MD 16 B.

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2021.

that a taxpayer appeal to this court within 90 days of the notice of refund denial. *See* ORS 305.280(2). A taxpayer may be forced to file an appeal under ORS 305.280(2) while the administrative review is pending.

The court declines to apply the exception in ORS 14.175 here because Defendant issued Plaintiffs a refund before the 90-day period had lapsed and because the court received limited evidence on Defendant's policy or practice of responding to requests to divide refunds.

III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs' appeal for the 2022 tax year must be dismissed as moot because Defendant provided Plaintiffs with their requested relief. The court may not reach the issue of costs and disbursements. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.

Dated this _____ day of March 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boom and entered on March 25, 2024.*