James S. OVERHULS
and Sally A. Overhuls
*v.*
DEPARTMENT OF REVENUE
(TC 3712)

Plaintiffs appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered April 7, 1995.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment. There is no dispute of fact and the parties have submitted memoranda in support of their positions.

Plaintiffs are Oregon residents. James served in the United States Navy, retiring in 1968. As a result of his Navy service, he receives a federal military pension. He was subsequently employed by the Coos Bay Police Department, from which he retired in 1988. As a result of his police service, James receives a pension under the Oregon Public Employes' Retirement System (PERS).

In 1989 the Supreme Court of the United States held that a state income tax system which exempted state and local government pensions but taxed federal pensions violated the constitution. *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989). In response to *Davis*, the 1991 legislature amended Oregon's income tax statutes and subjected PERS retirement benefits to state personal income tax. Or Laws 1991, ch 823, § 3. In *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992), the Oregon Supreme Court held that in subjecting PERS retirement benefits to state income tax, the legislature breached its contract with its employees.

When plaintiffs filed their 1992 Oregon income tax return, they deducted James' PERS and federal retirement benefits, thereby excluding both from their taxable income. Plaintiffs claim that neither retirement benefit is taxable under applicable case law. Plaintiffs believe PERS retirement benefits are exempt under *Hughes*, and that *Davis* requires the same treatment be given to federal benefits.

## ISSUES

The issues presented by the motions for summary judgment are:

(1)  May plaintiffs deduct James' PERS retirement benefits as a self-remedy under *Hughes*?

(2)  Does *Hughes* require the same treatment of federal retirement benefits under *Davis*?

■  In *Hughes*, the Oregon Supreme Court held that by subjecting PERS benefits to state income tax, the state breached its contract with its employees, something "the state may not do with impunity." *Hughes*, 314 Or at 33. Although finding a breach of contract, the Oregon Supreme Court expressly stated:

"The constitutional validity of Oregon Laws 1991, chapter 823, section 3, is sustained." *Id.* at 36.

In brief, taxing PERS retirement benefits may be a breach of contract, but the act of taxing the benefits is valid. The Supreme Court noted that the breach of contract required a remedy to be fashioned, but it left that task to the legislature.[1]

■ Inasmuch as Oregon Laws 1991, chapter 823, section 3, was specifically upheld by the Oregon Supreme Court in *Hughes*, this court must conclude that plaintiffs may not deduct James' PERS retirement benefits as a self-remedy. Plaintiffs may have other remedies for breach of contract, but they may not ignore or violate a statute expressly held constitutional by the Oregon Supreme Court.

■ Having concluded that James' PERS retirement benefits are subject to taxation by Oregon, it follows that his federal retirement benefits are likewise taxable by Oregon. The fact that plaintiffs may be entitled to a remedy for breach of contract with regard to state benefits does not shelter or exempt their federal retirement benefits from state taxation.

4. Plaintiffs are understandably frustrated and ask this court to fashion a remedy appropriate to their circumstances. The court must decline to do so. Although plaintiffs' claim arises from the imposition of a state income tax, *Hughes* makes it clear that the nature of plaintiffs' claim is for a breach of contract. A breach of contract matter is outside the jurisdiction of this court. Accordingly, plaintiffs must seek their judicial remedy in another court. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment is denied. Costs to neither party.

---

[1] It is worth noting that the 1993 legislature did not fashion a remedy. Subsequently, suit was brought in the Marion County Circuit Court; and on March 8, 1995, that court ruled:

"The state is enjoined from taxing the benefits exempt from taxation under *Hughes.* If that is not possible, the state, through general fund dollars must make the class of affected retirees whole. The state is enjoined from seeking contribution from local defendant employers and from using dedicated PERS funds to remedy their breach and make plaintiffs whole." *Stovall/Chess et al v. State of Oregon et al*, Nos. 93C11180, 94C10334 (March 8, 1995).