IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| DON S. RICHTER, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230044N |
| | ) | |
| v. | ) | |
| | ) | |
| DESCHUTES COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed the value of property identified as Account 126307 (subject property) for the 2020-21 through 2022-23 tax years. A trial was held on July 18, 2023, in the courtroom of the Oregon Tax Court. Plaintiff appeared and testified on his own behalf. Stephanie Marshall, Assistant Legal Counsel, appeared on behalf of Defendant. Todd Straughan (Straughan), Chief Appraiser; Sean McKenney (McKenney), Appraiser; and Joseph Summers (Summers), Appraiser, each testified on behalf of Defendant.

Plaintiff's Exhibits 1 to 69 were received without objection. Plaintiff's Rebuttal Exhibit 72 was admitted over Defendant's objection. The court declined to admit Plaintiff's additional Rebuttal Exhibits 70, 71, 73, and 74. Defendant's Exhibits A to M were admitted without objection. Following trial, Plaintiff filed a document entitled "Defendant's False & Misleading Testimony and Plaintiff's Motion to Strike." (Ptf's Ltr, Jul 24, 2023.) The letter referenced and attached information from the Multiple Listing Service (MLS) and is, in essence, an offer of rebuttal evidence.[1] Defendant filed an Objection on the same day, correctly stating that Plaintiff rested his case at trial and there is no basis for Plaintiff to submit evidence after trial. Plaintiff

---

[1] For instance, Plaintiff disputes Summer's testimony that properties were selling for more than the listing price and offers evidence to the contrary from the MLS. This is squarely in the realm of rebuttal evidence that may be presented at trial, but not afterwards absence permission from the court.

filed another letter on July 25, 2023, expressing his view that Defendant's counsel was required by the rules of professional conduct to "cooperate with and allow the withdrawal of the false testimony and all evidence related to their clients false and misleading testimony."[2] The court declines to consider additional evidence submitted after trial.

The procedural history of this case requires explanation. As discussed in the court's Order entered May 8, 2023, and incorporated herein by reference, the parties submitted various documents to the court between February 8, 2023, and April 14, 2023, including a complaint, an answer, an amended complaint, an amended answer, and various letters. The court permitted Plaintiff to file a second amended complaint, and he did so, on May 22, 2023. On June 15, 2023, Defendant filed its Answer to Second Amended Complaint, Affirmative Defenses and Motion to Dismiss, Motion for Continuance and Motion for Site Inspection. Plaintiff responded by letter filed June 27, 2023. The court held a third case management on July 3, 2023, and entered an Order on Trial Date, Exhibit Exchange Deadline on July 5, 2023, incorporated herein by reference, reporting that the parties had reached an agreement on the site inspection and on maintaining the July 18, 2023, trial date. Given the short time before trial, the court decided to treat Defendant's motion to dismiss and affirmative defenses as pre-trial briefing.

## I. STATEMENT OF FACTS

The subject property is a 1,652-square foot home with a 576-square foot garage located in between Bend and La Pine. (Def's Ex A at 2, 5.) Plaintiff began construction on the subject property in 2019. (*See* Ptf's Ex 26.) In 2020, Defendant's appraiser inspected the subject property "from the street" and estimated the new improvements were 81 percent complete as of

---

[2] Plaintiff characterizes Summer's opinion testimony about the market as "false and misleading" and speculates that it must be due to bias. (Ptf's Ltr at 1-2, Jul 24, 2023.)

January 1, 2020. (Def's Ex A at 3.) Defendant assigned a 2020-21 real market value (RMV) of $247,075, with $168,920 allocated to the improvements, a total exception value (EV) of $175,000, and a maximum assessed value $104,770. (Ptf's Ex 39; Def's Ex A at 3.)

For the 2021-22 tax year, Defendant's appraiser again inspected the subject property from the street, estimated the improvements were 100 percent complete, and assigned an RMV of $394,410, with $268,010 allocated to the improvements, a total EV of $62,210, and a MAV of $135,900. (Ptf's Exs 24, 26, 40; Def's Ex A at 3.) Plaintiff contacted Defendant in October 2021 and asked for a review of the MAV. (Ptf's Ex 22.) Thereafter, Defendant's appraiser inspected the subject property and wrote: "Per interior inspection with owner, recommend reducing % complete from 100 to 85% for 1/1/21." (*Id.*; *see also* Def's Ex A at 3.) He listed specific items that were incomplete. (*Id.*) Plaintiff and Defendant signed a stipulated agreement on October 28, 2021, reducing the subject property's 2021-22 total RMV to $342,520, based on a reduction from $19,000 to $16,000 for the site developments and from $268,010 to $219,120 for the structure. (Ptf's Ex 24 at 2.) EV was reduced from $62,210 to $10,320 and MAV was reduced from $135,900 to $112,550. (*Id.*) An "Explanation" section stated the changes reflected a reduction in the "dwelling percent complete" from 100 percent to 85 percent. (*Id.*)

In an email exchange between Plaintiff and Defendant's appraiser in June 2022, Plaintiff stated that he had "made very little progress since" Defendant's appraiser last visited, and Defendant's appraiser replied asking if 90 percent complete as of January 1, 2022, seemed reasonable. (Def's Ex M at 3-4.) For the 2022-23 tax year, Defendant initially assigned the subject property an RMV of $496,990 with $391,850 allocated to the improvements, an EV of $21,770, and a MAV of $123,640. (Ptf's Ex 41; Def's Ex A at 3.) The 2022-23 land value was "trended down." (*Id.*)

A.      *Defendant's Error Correction*

On January 11, 2023, Defendant issued an error correction notice to Plaintiff proposing to change the subject property's 2021-22 MAV from $112,550 to $130,500 and its 2022-23 MAV from $123,640 to $195,570.  (Ptf's Ex 31.)  The notice explained: "The amount added as [EV] should be the difference between the [RMV] of the structures from the prior year to the current year, multiplied by the Changed Property Ratio."  (*Id.*)

Defendant issued an updated error correction notice on January 20, 2023, superseding the January 11, 2023, notice, in response to Plaintiff's "request for further review."  (Ptf's Ex 33.) The second notice proposed the same change to MAV for the 2021-22 tax year, but provided different figures for the 2022-23 tax year: it increased RMV from $496,990 to $540,580, and increased MAV from $123,640 to $189,450.  (*Id.*)  It included the same explanation for the EV calculation as the original notice.  (*Id.*)  Defendant issued a notice of "Assessment Correction" on February 9, 2023, notifying Plaintiff that it had corrected the tax roll values in accordance with the January 20, 2023, proposed figures.  (Ptf's Ex 35.)

In his appraisal report, Straughan characterized the error as "clerical," writing: "the difference in [RMV] from one year to the next for the newly constructed home should have been the [EV] for each of those year[s], which it <u>was not</u> on the original tax statements."  (Def's Ex A at 3 (emphasis in original).)  He testified to the same at trial, confirming Defendant's view that all changes, even market changes, are captured in EV because it measures "market value."

/ / /

/ / /

/ / /

/ / /

The appraisal included the following specific computations:

> "The difference in the improvement value from 2020 to 2021 * * * should have been $99,090 ($268,010 - $168,920) [but] only $59,210 was calculated, thus the error. Compounding this error, was that the stipulation simply removed the same amount of exception as the reduced [RMV] when the percent complete of the home was stipulated. The difference in the improvement value from 2021 (stipulated value of $219,120) to 2022 * * * $391,850 should have been $172,730 ($391,850 – 219,120), not the $21,770 originally calculated, thus another error."

(*Id.* at 3-4.)

B.    *Plaintiff's Requested Values and Evidence*

Plaintiff filed his appeal to this court on February 8, 2023, attaching the error correction notice dated January 20, 2023. (Ptf's Compl at 1.) He did not appeal to the board of property tax appeals (board) for any of the tax years at issue. (*See* Def's Ans to Sec Am Compl at 2.)

In his Second Amended Complaint, Plaintiff alleges that he was induced to sign the 2021-22 stipulated agreement with Defendant based on "false and misleading statements." (Cover Ltr o Sec Am Compl.) He further alleges Defendant breached that agreement in January 2023, presumably a reference to the error correction. (*Id.*) Plaintiff asks this court to restore the 2021-22 values to the original tax roll values, reflecting a complete structure, and to add the 2021 stipulated EV to the 2020-21 tax roll reflecting a complete structure as of the 2020-21 year. (*Id.*) Plaintiff alleges that the original tax roll values are supported by market evidence, including the permit values and the value of a neighboring property built by the same contractor. (*Id.*)

Plaintiff supplied specific value requests for each tax year. For the 2020-21 tax year, he proposes adding EV of $59,210 (the original 2021-22 EV attributable to the improvements) to the 2020-21 tax roll value for a total 2020-21 RMV of $306,285. (Ptf's Sec Am Compl at 2.) For the 2021-22 tax year, Plaintiff proposes reverting to the original tax roll RMV of $394,410 and adjusting MAV to reflect a three percent increase over the prior year (no EV). (*Id.*) For the

2022-23 tax year, Plaintiff does not dispute the RMV but maintains MAV should be reduced to reflect a three percent increase (no EV). (*Id.*)

C.      *Defendant's Requested Values and Evidence*

Straughan and Summers completed an appraisal of the subject property using the cost and sales comparison approaches. (*See generally* Def's Ex A.) They estimated an RMV of $349,900 under the cost approach, with $258,900 allocated to the improvements. (*Id.* at 44.) They gave little weight to the cost approach, noting "in an increasing market [it] will typically support the extreme low end of the valuation range." (*Id.* at 44.) Under the sales comparison approach, they estimated values of $403,000 for the 2020-21 tax year; $494,000 for the 2021-22 tax year; and $569,000 for the 2022-23 tax year. (*Id.*) Straughan testified that the county experienced unprecedented market growth during the tax years at issue and the RMV of a slow construction project like the subject property would experience a lot of movement. (*See id.* at 4 (discussing sales trends from MLS).) Within the sales comparison approach, they made time adjustments for the increasing market: 14 percent from 2019 to 2020, 14 percent from 2020 to 2021, and 25 percent from 2021 to 2022. (*Id.* at 4, 28, 33, 38.)

Defendant requests the following values based on its appraisal report:

|         | Land and site improvement | Improvement RMV | Total RMV (100%) | Percent complete | Partially complete RMV | EV |
|---------|--------------------------|-----------------|------------------|------------------|------------------------|-----------|
| 2020-21 | $91,000                  | $312,000        | $403,000         | 81%              | $343,720               | $268,720  |
| 2021-22 | $133,500                 | $360,500        | $494,000         | 85%              | $446,725               | $60,505   |
| 2022-23 | $185,500                 | $383,500        | $569,000         | 90%              | $530,650               | $31,925   |

(Def's Ex A at 44-45.[3])

/ / /

_____

[3] Defendant also provided some alternate calculations should the court conclude the subject property was 100 percent complete as of January 1, 2020. (Def's Ex A at 45.)

D. *Defendant's Motion to Dismiss and Affirmative Defenses*

Defendant moved to dismiss Plaintiff's Second Amended Complaint for the reasons set forth in its affirmative defenses. (Def's Ans to Sec Am Compl at 5-6.) Those are: 1) Plaintiff failed to appeal to the board for any of the tax years at issue; 2) Plaintiff failed to allege a 20 percent error in RMV or good and sufficient cause under ORS 305.288; 3) Plaintiff is estopped by the stipulated agreement from challenging the percent complete for the 2021-22 tax year; 4) there is no legal basis for Plaintiff's request to restore tax roll values; 5) failure to state a claim; 6) failure "to account for value(s) of components of the unit of property" under ORS 305.287; 7) lack of subject matter jurisdiction over contract claims and related damages claims; and 8) failure to comply with Tax Court Rule-Magistrate Division (TCR-MD) 1(B)(1)(b). (*Id.* at 2-5.)

## II. ANALYSIS

Broadly, the issues presented are the RMV, EV, and MAV of the subject property for the 2020-21 through 2022-23 tax years. Those broad issues are constrained by the posture of this case and Defendant's affirmative defenses. As the party seeking affirmative relief, Plaintiff bears the burden of proof by a preponderance of the evidence. ORS 305.427.[4] Some of the discrete issues presented are questions of law. The court addresses the discrete issues presented beginning with ones that are dispositive.

A. *Plaintiff's Failure to Appeal to the Board*

Defendant's first affirmative defense seeks dismissal of Plaintiff's appeal because he did not appeal to the board for any of the tax years at issue. *See* ORS 305.275(3) (barring appeal to this court where an appeal may be taken to the board). In *River Vale Limited Partnership v.*

---

[4] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2021.

*Department of Revenue,* 24 OTR 468, 480 (2021), this court described "two appeal procedures" for property tax disputes: "the regular annual property tax valuation dispute process" that begins at the board, and "the all-purpose process by which any person can appeal to the Magistrate Division within 90 days after an 'act, omission, order or determination' of a tax official becomes known to the person * * *." *See also* ORS 305.275(1), ORS 305.280(1). Even where a taxpayer fails to timely appeal to the board, an appeal may be allowed for the current and prior two tax years under ORS 305.288 if the taxpayer alleges a 20 percent error in the RMV of certain types of property used as a dwelling, or if taxpayer demonstrates "good and sufficient cause" for failing to pursue the statutory right of appeal. *See Shevtsov v. Dept. of Rev.*, 24 OTR 83 (2020).

Plaintiff did not offer any evidence that he appealed to the board for any of the years at issue. Rather, he attached an error correction notice dated January 20, 2023.[5] ORS 311.205 governs error corrections and ORS 311.232(4) provides that any person aggrieved by an error correction assessment "may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and ORS 305.560." *See also* ORS 311.205(4) (applying appeal procedure in ORS 311.232 to error corrections). Thus, Plaintiff correctly appealed the error correction notice to this court rather than the board.

The error correction notice applied only to the 2021-22 and 2022-23 tax years; thus, the question becomes whether Plaintiff had any basis to appeal the 2020-21 tax year to this court. As noted above, ORS 305.288 may authorize an appeal even where taxpayer fails to appeal to the board. The subject property was used as a dwelling, but Plaintiff has not alleged that its

---

[5] It appears the January 20 notice concerned a proposed correction, whereas the February 9 notice reflected the correction made. *See* ORS 311.219 (requiring notice of intent to add omitted property to roll and opportunity to show cause why property should not be added); ORS 311.223 (requiring notice of roll correction); ORS 311.205(4) (requiring notice procedures in ORS 311.216 to ORS 311.232 where error correction increases the assessment); *see generally Hoggard v. Dept. of Rev.* 23 OTR 406 (2019) (discussing two notices).

2020-21 RMV was overstated by 20 percent; instead, Plaintiff alleges that the 2020-21 RMV was *understated* by more than 20 percent. *See Gray v. Dept. of Rev.* 23 OTR 220, 223 (2018) (observing "ORS 305.288(1) is a remedy for overvaluation of property used primarily as a dwelling"). Even if the court were to conclude that ORS 305.288(1) applied, Plaintiff would not be aggrieved under ORS 305.275(1)(a) because his requested relief would not result in any tax savings.[6] Plaintiff has not alleged good and sufficient cause for failing to appeal the 2020-21 tax year to the board. Accordingly, the court dismisses Plaintiff's 2020-21 tax year appeal.

B.　　　*Plaintiff's Appeal from Error Correction Notice*

As set forth above, Plaintiff properly appealed the error correction notice to this court rather than the board. Plaintiff alleged the notice was in error because "Defendant breached the 10/28/21 Stipulated Agreement." (Ptf's Sec Am Compl at 1.) The court agrees with Defendant that this court generally lacks jurisdiction over breach of contract claims.[7] Instead, the court construes Plaintiff's breach of contract claim as a challenge to the error correction notice, which changed the 2021-22 and 2022-23 tax rolls values after the parties signed a stipulated agreement for the 2021-22 tax year. The question becomes whether Defendant was permitted to correct the tax rolls under the applicable statutes and case law.

As this court explained in *Miller v. Deschutes County Assessor*, TC-MD 190273N, 2020 WL 1847134 (Or Tax M Div, Apr 10, 2020), ORS 311.205 permits the county to correct clerical errors for up to five years prior to the last certified roll. However, the statute restricts the county

---

[6] *See Kaady v. Dept. of Rev.* 15 OTR 124 (2000), *citing Parks Westsac LLC v. Dept. of Rev.*, 15 OTR 50 (1999) (dismissing appeal where requested RMV change would not result in reduction of taxes in the year at issue).

[7] *See* ORS 305.410(1) (court has jurisdiction over "questions of law and fact arising under the tax laws of the state"); *see also Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983) (dismissing tort claims against assessor but allowing property tax claims to proceed, because claims arising under the tax laws must have some bearing on tax liability); *see also Overhuls v. Dept. of Rev.,* 13 OTR 307, 309 (1995) ("breach of contract" is outside of jurisdiction).

from correcting valuation judgment errors unless they result in a reduction in the tax owed.[8] *Id.* Clerical errors are "procedural or recording errors which do not require the use of judgment or subjective decision making for their correction." Oregon Administrative Rule (OAR) 150-311-0140(1). By contrast, valuation judgment errors require the officer to "exercise judgment to determine the value, formulate an opinion as to value, or inquire into the state of mind of the appraiser." OAR 150-311-0150(1). "Errors made in calculating a real market value" are errors in valuation judgment. OAR 150-311-0150(1)(c). "If it is unclear whether an error is a clerical error or an error in valuation judgment, the error shall be considered an error in valuation judgment." OAR 150-311-0150(2).

Defendant maintains that its corrections to the subject property's 2021-22 and 2022-23 EV and MAV were clerical in nature because they were mathematical errors. In Defendant's view, the EV of new property or new improvements must be calculated based on the difference from one year's improvement value to the next. As explained below, the calculation of EV requires appraisal judgment and is not simply a mathematical computation.

EV refers to an exception to the general rule that MAV cannot increase by more than three percent per year. *See* ORS 308.146(3) (listing exceptions). One such exception, relevant here, is for "new property or new improvements to property." ORS 308.146(3)(a). "New property or new improvements means changes in the value of property as the result of * * * [new] construction, reconstruction, major additions, remodeling, renovation or rehabilitation of property[.]" ORS 308.149(6)(a)(A).

/ / /

---

[8] *Miller* discussed the two error types in greater depth, providing examples of each from case law and the administrative rules. *See id.* at *2-4.

"The value of new property or new improvements equals the real market value of the new property or new improvements reduced (but not below zero) by the real market value of retirements from the property tax account." ORS 308.153(2)(a).

As indicated by the statutory definition, the value of new property or new improvements is measured by the increase in RMV *due to the new property or improvements*. *Hoxie v. Dept. of Rev.*, 15 OTR 322, 326 (2001). Yet,

> "a myriad of factors can affect the RMV of property. Changes in interest rates, traffic patterns, laws such as the Americans with Disabilities Act, fire and safety codes, technology, costs, asbestos, and many other things can all affect RMV. However, none of those factors constitutes an exception to the MAV. The exception value is limited to the RMV attributable to the new improvements."

*Id.* at 326. Because RMV is impacted by numerous factors, it is not generally sufficient to simply subtract the old RMV from the new RMV. *See Magno v. Dept. of Rev.*, 19 OTR 51, 66-67 (2006) (calculating the change in RMV from one year to the next, but then subtracting the difference attributable to "general market appreciation in the area of taxpayer's property"). A change in value "that was not due to the remodel, but rather to market trends * * * cannot be included in the calculation of EV." *Id.* at 67.

Defendant's method of calculating EV as reflected in its error correction notice does not comport with the measurement of EV required by statute and case law. The subject property's market area experienced significant appreciation during the tax years at issue: 14 percent in 2021 and 25 percent in 2022. Any increase in the subject property's RMV due to market appreciation is not properly captured as EV. Moreover, any proper method of measuring EV for new property or new improvements requires the exercise of valuation judgment because the value of new property or new improvements is fundamentally a form of real market value.[9] Defendant was

---

[9] Even mathematical errors in square footage or acreage are considered errors in valuation judgment, rather than clerical errors, due to the numerous adjustments and elements that impact the total assessment. *See* OAR 150-

not, therefore, permitted under ORS 311.205 to recalculate the subject property's EV and MAV for the 2021-22 and 2022-23 tax years.

C.     *Additional Claims and Defenses*

Plaintiff asks the court to restore the tax roll values for the 2020-21 through 2022-23 tax year, reflecting that the subject property was 100 percent complete as of January 1, 2020. As explained above, there is no basis for the court to consider Plaintiff's appeal for the 2020-21 tax year. The court's review of the 2021-22 and 2022-23 tax years is limited to the error correction notice; a value appeal in which the court finds the correct RMV and EV for those years must have begun at the board or met the requirements of ORS 305.288.[10]

Defendant's additional defenses do not alter the outcome of this decision and therefore do not warrant additional discussion.[11]

### III.  CONCLUSION

Upon careful consideration, the court concludes that Plaintiff's appeal for the 2020-21 tax year must be dismissed. The court further concludes that Defendant's error correction for the 2021-22 and 2022-23 tax year was impermissible under ORS 311.205 and the related administrative rules. Now, therefore,

/ / /

/ / /

/ / /

/ / /

_____

311-0150(c). "The figures may be wrong but the assessor's judgment of the parcel's value may be right." *Id.*

[10] Plaintiff requests the original tax roll RMV for each year, so the 20 percent error test is not met.

[11] For instance, Defendant has not identified a missing component of the unit of property under ORS 305.287.

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of property identified as Account 126307 is dismissed for the 2020-21 tax year.

IT IS FURTHER DECIDED that Plaintiff's appeal is granted in part for the 2021-22 and 2022-23 tax years. Defendant's error correction notice for those years is void and without effect. The 2021-22 and 2022-23 values of property identified as Account 126307 are restored to before the error correction notice: for the 2021-22 tax year, RMV is $342,520 and MAV is $112,550, and for the 2022-23 tax year, RMV is $496,990 and MAV is $123,640.

Dated this _____ day of March 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on March 15, 2024.*